## STATE vs. FREDERICK A. CLARK.

### Cumberland.    Opinion December 26, 1893.

*Pleading.    Cruelty to Animals.    Charge or Custody.    R. S., c. 124, § 29.*

A complaint, charging a defendant with having the " custody and control" of a horse without further particulars, is sufficient under a statute which provides a penalty for cruel treatment of a horse by any person "having the charge or custody thereof, as owner or otherwise."

The custody need only be alleged or proved.

The statute excuses averments as to the particulars of custody.

ON EXCEPTIONS.

The case originated in the Municipal Court, for the City of Portland, on the following complaint:

"Eben N. Perry, on the twelfth day of January, in the year of our Lord, on thousand eight hundred and ninety-three, in behalf of said State, on oath complains, that Frederick A. Clark, of Portland. in said county, on the eleventh day of January, A. D. 1893, at said Portland, then and there having the custody and control of a certain horse, did then and there unnecessarily fail to provide such horse with proper shelter and protection from the weather, against the peace of the State, and contrary to the form of the statute in such case made and provided."

The defendant was convicted, and appealed to the Superior Court, where he was tried before a jury, and found guilty. He thereupon moved in arrest of judgment, because the complaint did not follow the language of the statute under which it was

brought. The motion having been overruled he brought the case to this court, by exceptions.

*C. A. True*, County Attorney, for the State.

*John C. and F. H. Cobb*, for defendant.

Counsel cited : *State* v. *Learned*, 47 Maine, 426 ; *State* v. *Haskell*, 76 Maine, 399 ; *Com.* v. *Phillips*, 16 Pick. 211 ;. *Com.* v. *Blood*, 4 Gray, 31 ; *Com.* v. *Whitman*, 118 Mass. 458.

SITTING : PETERS, C. J., WALTON, EMERY, FOSTER, HASKELL,. WHITEHOUSE, JJ.

HASKELL, J. The complaint, after proper averments as to time and place, avers that the defendant, "then and there having the custody and control of a certain horse, did unnecessarily fail to provide such horse with proper shelter and protection from the weather, *contra pacem et contra formam statuti.*"

The statute, R. S., c. 124, § 29, provides that, "every person who cruelly overdrives . . any horse . . or, having the charge or custody thereof, as owner or otherwise, unnecessarily fails to provide such animal with proper food, drink, shelter and. protection from the weather," shall be punished.

The defendant, having been convicted below, contends that judgment should be arrested, because the complaint does not. charge him with having the charge and custody of the horse,. as owner or otherwise.

The words, "charge," and "custody," are frequently used as synonymous. The lexicographers give them as synonyms. They are placed in the statute, however, disjunctively, and, in such cases, need not be conjunctively averred, and cannot be disjunctively averred. The statute word, "custody," therefore, in the complaint, sufficiently charges the defendant's control of the horse. It is not necessary to define the nature of the defendant's custody, "as owner or otherwise." Those words were inserted for the very purpose of obviating any supposed necessity of that sort. The statute meant to reach persons having either the "charge or custody," if there can be any distinction

made in the meaning of those words, without requiring any further particulars to be averred or proved, as such a requirement might paralyze any attempt to punish apparent cruelty.

It is sufficient to charge and prove, that the defendant, having the custody of the animal, was guilty of the inhuman treatment prohibited by the statute. See the reasoning in *State* v. *Haskell*, 76 Maine, 399; *Commonwealth* v. *Curry*, 150 Mass. 509.

*Exceptions overruled.*