STATE *vs.* DANIEL SPINK.

SAME *vs.* SAME.

SAME *vs.* SAME.

Under Pub. Stat. R. I. cap. 96, § 1, which makes it an offence where any person "having the charge or custody of any animal, either as owner or otherwise, shall inflict unnecessary cruelty upon the same," the offence consists in the infliction of the cruelty by the person "*having the charge or custody*" of the animal; and a criminal complaint which charges the owner of animals with cruelty without also alleging that the animals were in his custody does not charge any offence under the statute.

COMPLAINTS and warrants for cruelty to animals. Certified from the Common Pleas Division on motions to quash.

*January* 28, 1896. TILLINGHAST, J. The complaint in each of these cases charges that the defendant, "being the owner of certain animals, (naming them,) did then and there inflict unnecessary cruelty upon the same, and unnecessarily fail to provide proper food, drink, shelter and protection from the weather for said animals."

The complaints were tried in the District Court of the Second Judicial District, by which the defendant was adjudged guilty, and sentenced to pay a fine of $25 and costs taxed at $39.90 in each case. Thereupon the defendant took an appeal to the Common Pleas Division, where he filed a

motion to quash said complaints and warrants on the ground that no offence known to the law is charged therein, which motion has been duly certified to this Division for decision.

Pub. Stat. R. I. cap. 96, § 1, under which these complaints were made, provides, amongst other things, that "whoever, having the charge or custody of any animal, either as owner or otherwise, shall inflict unnecessary cruelty upon the same or shall unnecessarily fail to provide the same with proper food, drink, shelter or protection from the weather, shall, for every such offence, be imprisoned not exceeding one year or be fined not exceeding two hundred and fifty dollars or. be both imprisoned and fined as aforesaid."

The particular contention of defendant's counsel is that as the complaint does not allege that the defendant *had the charge and custody* of the animals named, at the time of the alleged acts of cruelty thereto, it fails to charge any violation of the statute above quoted. We think the point is well taken. The offence created by that part of said statute under which these complaints were made consists in the infliction of the cruelty specified by the person *having the charge or custody* of the animal, either as owner or otherwise. And hence, to charge that the owner committed the prohibited acts without also alleging that the animals were in his custody at the time, no more charges the statutory offence against him than a similar offence would be charged against a person not the owner, by simply alleging that the latter was guilty of the cruelty complained of. It is the person *having the charge or custody* of the animals, only, who can be convicted of the statutory cruelty, and therefore no offence is charged unless such custody is alleged. But it is urged by counsel for complainant that, as it is alleged that the defendant was the owner of said animals, it is to be presumed that he had the charge and custody thereof, and that it was sufficient for the complainant to prove at the trial that such was the fact. We cannot assent to this proposition. In a criminal charge there is no presumption against the defendant, and no latitude of intention to include anything more than is charged. That is, the charge must be suffici-

ently explicit to support itself. *Rex* v. *Wheatly*, Burr. 1125; *The State* v. *Seay*, 3 Stew. (Ala.) 123. Thus, as said by Tenney, J., in *State* v. *Godfrey*, 24 Me. 232 : "It is a well established principle, that if all the facts alleged in an indictment may be true, and yet constitute no offence, the indictment is insufficient. A verdict does nothing more than to verify the facts charged, and if these do not show the party guilty, he cannot be considered as having violated the law." In short, the established rule of criminal pleading is that there must be such an averment of facts as shows, *prima facie*, guilt in the defendant; and if, assuming all the facts alleged, to be true, there is, because of the possible non-existence of some fact not mentioned, room to escape from the *prima facie* conclusion of guilt, the complaint or indictment is insufficient. See 1 Bishop, Criminal Procedure, § 49; *State* v. *Doyle*, 11 R. I. 574; *State* v. *Smith*, 17 R. I. 371; *Gelbert* v. *Commonwealth*, 32 Atl. Rep. 1091; *Commonwealth* v. *Bean*, 11 Cush. 414. In *Commonwealth* v. *Moore*, 11 Cush. 600, it was held that if any fact or circumstance which is a necessary ingredient in an offence be omitted in an indictment, it is vitiated by such omission, and the objection may be availed of by the defendant on a motion in arrest of judgment. In *Commonwealth* v. *Tuck*, 20 Pick. 356, 362, Morton, J., states the law as follows : "The strict rules of criminal pleading require that all the facts constituting the offence should be set forth as particularly as the nature of the case will admit. An indictment upon a statute must pursue the words of the statute so far as to bring the offence precisely within them. 2 Hale's P. C. 170. Every fact which is a necessary ingredient of the offence, must be clearly and specifically stated. Archb. Crim. Pl. 15." In *Rex* v. *Horne*, Cowp. 672, Lord Mansfield said : "As to the matter to be charged, whatever circumstances are necessary to constitute the crime imputed must be set out, and all beyond are surplusage." And so are all the cases upon this question. In *State* v. *Haskill*, 76 Me. 399, which was a case brought under a statute identical with the one before us, the court held that the offence was not

adequately alleged, because it lacked the necessary averment that the defendant had "the charge and custody" of the animal.

In the complaints before us the facts averred do not show *prima facie* guilt in the defendant.   He may have been the owner of said animals while the custody and control thereof may have been in some one else ; and if so, to charge him with unnecessarily failing to provide the same with proper food, drink, shelter and protection, amounts to nothing, it not being an offence to neglect to provide these things, if the person complained of, even though he be the owner, has not the charge and custody of the animal.   See *Commonwealth* v. *Tuck, supra; State* v. *Clark,* 86 Me. 194 ;. *Commonwealth* v. *Curry,* 150 Mass. 509 ; *Commonwealth* v. *Edmunds,* 162 Mass. 517 ; *State* v. *Haley,* 52 Mo. App. 520.

The motion to quash is therefore granted.

*Lycurgus Sayles,* for the State.

*Thomas F. I. McDonnell,* for defendant.