STATE OF CONNECTICUT *v.* EDWARD YORCZYK

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued October 10—decision released December 31, 1974

*Richard E. Gruskin,* for the appellant (defendant).

*Walter H. Prescott,* assistant prosecuting attorney, for the appellee (state).

HOUSE, C. J. By an information dated January 19, 1970, the defendant was charged in the Circuit

Court in twenty-eight counts with the crime of cruelty to animals in violation of § 53-247 of the General Statutes. That conglomerate statute was subsequently amended by Public Acts 1971, No. 99, but, as it was in effect at the time of the alleged offense in December, 1969, it is copied in the footnote[1] infra and the words subsequently deleted from that statute by the 1971 act have been placed in parentheses. The specific offenses with which the defendant was charged were defined and narrowed by a bill of particulars filed by the state. This charged that the defendant "did fail to provide and supply twenty-eight (28) animals with wholesome air, food and water and did unjustifiably abuse said twenty-eight (28) animals by failing to provide them with food and protection and by abandoning said

---

[1] "[General Statutes] Sec. 53-247. CRUELTY TO ANIMALS. Any person who overdrives, drives when overloaded, overworks, tortures, deprives of necessary sustenance, mutilates or cruelly beats or kills or unjustifiably injures any animal, or who, having impounded or confined any animal, fails to give such animal proper care or neglects to cage or restrain any such animal from doing injury to itself or to another animal or fails to supply any such animal with wholesome air, food and water, or unjustifiably administers any poisonous or noxious drug or substance to any domestic animal or unjustifiably exposes any such drug or substance, with intent that the same shall be taken by an animal, or causes it to be done, or, having charge or custody of any animal, inflicts (unnecessary) cruelty upon it or (unnecessarily) fails to provide it with proper food, drink or protection from the weather or (cruelly) abandons it or carries it or causes it to be carried in (an unnecessarily) cruel manner, or sets on foot, instigates, promotes or carries on or performs any act as assistant, umpire or principal in, or is a witness of, or in any way aids in or engages in the furtherance of, any fight between cocks or other birds, dogs or other animals, premeditated by any person owning, or having custody of, such birds or animals, or fights with or baits, harasses or worries any animal for the purpose of making it perform for amusement, diversion or exhibition, shall be fined not more than two hundred and fifty dollars or imprisoned not more than one year or both."

animals and containing them without food, adequate shelter, water, etc." On a jury trial, the defendant was found guilty on all counts. The judgment was affirmed on appeal to the Appellate Division and this court granted certification for the present appeal. Practice Book §§ 740, 742.

The record submitted to us on the appeal is wholly inadequate for a proper review of most of the defendant's assignments of error, but it is sufficient to consider one assignment addressed to the court's charge, and our decision on that assignment of error is decisive of the merits of this appeal.

Assignments of error addressed to a charge are tested by the claims of proof as they appear in the finding. Practice Book §§ 609, 635; *State* v. *Edwards,* 163 Conn. 527, 528, 316 A.2d 387; *State* v. *Fine,* 159 Conn. 296, 300, 268 A.2d 649. The finding discloses that the only claim of proof made by the state was "[t]hat the defendant, Yorczyk, prior to December 13, 1969, failed to make proper arrangements for the care and maintenance of his animals, by failing to provide proper amounts of feed, water, and care." As to the defendant's claims of proof, the court found that he offered evidence to prove that prior to December 13, 1969, he had made proper arrangements for the care and maintenance of his animals by purchasing an adequate amount of food and by leaving one Joyce Harbinson with complete custody, control and charge of the animals with the authority to perform whatever acts were necessary for the welfare of the animals, and that she accepted the responsibility of having the complete control, custody and charge of the animals during his absence. These were the only claims of proof made by the state and by the defendant which were found

by the court, and it is upon these claims that the adequacy and correctness of the court's charge must be tested.

The court charged the jury in part as follows: "Proof of knowledge of what is happening is not required, merely proof of what happened. It is no excuse in matters of this nature under this statute to show that someone else was doing or should have been doing what the principal was charged with. Roughly, it can be compared to the situation of the owner of a truck that is overloaded by an employee. The owner is still liable even though he may not know of the actual violation being committed. Proof of knowledge is not necessary, merely proof of what happened." The defendant excepted to this portion of the charge as it related to the example of an overweight truck, stating: "I believe that the statute says the person having charge. The ownership is not defined by the statute. It was not an element, it is simply the question of who has charge."

The assignment of error based on this portion of the charge was well taken. Although the exception to the charge could well have been expressed with greater particularity, nevertheless, it was sufficiently stated to alert the court to the subject of the objection and the basis for it. "The purpose of the rule [Practice Book § 249] is to alert the court to claims of error while there is still an opportunity for correction in order to avoid the 'economic waste and increased court congestion caused by unnecessary retrials.'" *Prystash* v. *Best Medium Publishing Co.,* 157 Conn. 507, 512, 254 A.2d 872.

By failing to instruct the jury that the statute applied to any person "who having impounded or confined any animal" fails to care for it or "having

charge or custody of any animal . . . unnecessarily fails to provide it with proper food, drink or protection from the weather" and by instructing them that "[p]roof of knowledge of what is happening is not required, merely proof of what happened," and by further equating the statutory offense with which the defendant was charged with the offense created by the statute which imposes criminal liability upon the owner of a truck that is overloaded by an employee, the court effectively and erroneously instructed the jury that the defendant was charged with a strict liability offense as the owner of the animals. The two statutes differ materially. Section 14-267 of the General Statutes, providing a penalty for the operation of an overweight truck, expressly provides that "[n]o person shall operate any commercial motor vehicle, nor shall the owner or lessee of any commercial motor vehicle allow such motor vehicle to be operated, on any public highway" when it exceeds a specified weight. There is no such provision with respect to ownership in the section of the statute under which the defendant was charged in this case. Significantly, in a later portion of the cruelty to animals statute concerning fighting cocks, it is provided that "any person owning, or having custody of, such birds" shall under certain circumstances be punished. In the portion of the statute under which this defendant was charged, however, it applies not to an owner as such but to "any person . . . having charge or custody of any animal." There is a material difference. See *State* v. *Spink,* 19 R.I. 353, 36 A. 91.

The finding of the court discloses no claim of proof on the part of the state that the defendant at the time in question had "confined" the animals or had charge or custody of them. In the light of the

language of the statute under which he was charged and the specifications of the bill of particulars and on the defendant's claims of proof, he was entitled to have the jury instructed on the meaning of "confine," "custody" and "charge" as those terms are used in the statute. Not only did the court not give such an instruction, but it did give an erroneous instruction that, as in the case of the owner of an overweight truck, the defendant as owner of the animals in question would be liable even though he did not have charge and custody of them or know that any violation of the cruelty to animals statute was being committed.

There is error, the judgments of the trial court and the Appellate Division are set aside and the case is remanded for a new trial.

In this opinion the other judges concurred.