STATE OF CONNECTICUT *v.* GEORGE G. BRANHAM

HOUSE, C. J., COTTER, LOISELLE, BOGDANSKI and BARBER, Js.

Argued March 3—decision released April 27, 1976

*Howard I. Gemeiner,* for the appellant (defendant).

*William F. Gallagher,* special assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (state).

House, C. J. On a trial to a jury, the defendant was found guilty of the crime of breaking and entering with criminal intent the Cottage Market in New Haven. The evidence of guilt was direct and overwhelming. Eyewitnesses testified seriatim to the defendant's breaking and entering, his flight from the scene and his apprehension by the police within 400 feet of the market. The defendant chose not to testify in his own behalf and the only assignment of error which he has briefed on his appeal and, accordingly, the only one which we consider; *State* v. *Beauton,* 170 Conn. 234, 237, 365 A.2d 1105; relates to the court's charge in that circumstance.

The defendant filed a request that the court charge the jury: "The defendant has chosen not to testify in this case. This is his right under the Constitution of the United States. The fact that he has not testified and has chosen to exercise this

right should in no way enter into your decision in this case. The burden of the State never shifts. The State must always prove the defendant guilty beyond a reasonable doubt. The fact that the defendant has not testified is evidence of nothing."

The court refused to charge in the language requested and charged the jury as follows: "In this case, as in all criminal cases, the accused is presumed to be innocent unless and until he is proven guilty. That means that at the moment when the accused was presented for trial here before you, nothing that you knew about his past or might surmise or guess about his past should be considered by you at all, that his slate was wiped clean at that moment, that he stood before you, free from any bias, prejudice, or burden arising from his position as the accused, and that so far as you are concerned, he was then innocent. He continues innocent until such time as the evidence and matters produced here in the orderly conduct of the case satisfies you that he is guilty. The burden is then upon the State to prove the accused guilty of the crime with which he is charged. He does not have to prove his innocence. He may remain silent. The State must prove every element necessary to constitute the crime charged, as I shall explain those elements to you. It is not enough that the State prove certain of those elements, for if proof of even one element is lacking, you cannot convict the accused. The State can sustain the burden of proof resting upon it only if the evidence before you establishes the existence of every element constituting the crime beyond a reasonable doubt." The defendant excepted to the court's refusal to charge in accordance with his request and on this appeal presses his contention that the fifth amendment to the constitution of the

United States required the court to instruct the jury that the defendant's failure to testify could not be in any way considered by them. We do not agree with this contention.

The fifth amendment as applied by the decision of the United States Supreme Court to the states through operation of the fourteenth amendment prohibits comments by the judge or prosecutor on the failure of a defendant in a criminal case to take the stand and testify in his own behalf. *Griffin* v. *California,* 380 U.S. 609, 85 S. Ct. 1229, 14 L. Ed. 2d 106, reh. denied, 381 U.S. 957, 85 S. Ct. 1797, 14 L. Ed. 2d 730; see *State* v. *Annunziato,* 169 Conn. 517, 535, 363 A.2d 1011; *State* v. *Vars,* 154 Conn. 255, 270, 224 A.2d 744. In an earlier case, the United States Supreme Court reversed a federal conviction where a charge similar to that requested by the defendant in this case was refused. *Bruno* v. *United States,* 308 U.S. 287, 60 S. Ct. 198, 84 L. Ed. 257. But, as the defendant correctly notes in his brief, *Bruno* was based not on constitutional grounds but on the interpretation of a federal statute which has no bearing on the present case. The Supreme Court in *Griffin* was well aware of the *Bruno* decision and explicitly declined to decide whether an accused in a state court can require that the jury be instructed that his silence must be disregarded. *Griffin* v. *California,* supra, 615 n.6.

This court has in the past had occasion to consider whether a charge such as that requested by the defendant should be given. In *State* v. *Colonese,* 108 Conn. 454, 463, 143 A. 561, overruled in part in *State* v. *Hayes,* 127 Conn. 543, 592, 18 A.2d 895, even in the absence of an assignment of error, the court expressly disapproved of the court's instruction that where a defendant chooses not to testify

"no opinion prejudicial to him can be drawn from such failure to testify." The court observed that "[t]here is nothing in the statutory provision or in our rules of law which requires the jury to disregard the fact that the accused did not testify, nor does it forbid the jury to draw its own conclusion from this circumstance. The requirements of law are fully met when counsel and the court have avoided comment upon the fact that the accused has failed to take the witness stand." Id., 464. In *State v. Ford,* 109 Conn. 490, 498–99, 146 A. 828, the court reaffirmed its holding in the *Colonese* case, stating: "In jurisdictions where the statute provides that no inference prejudicial to the accused shall be drawn from his failure to testify he is undoubtedly entitled to an instruction to the jury to that effect. This is, however, an extension of the common law and constitutional privilege beyond its original limits. . . . In the absence of controlling statutory provisions the accused is not entitled to an instruction that no opinion prejudicial to him shall be drawn from his failure to testify." There is no such controlling statute in Connecticut. Section 54-84 of the General Statutes goes no further than the prohibition that "[t]he neglect or refusal of an accused party to testify shall not be commented upon to the court or jury" and, as we have noted, the United States Supreme Court in *Griffin* v. *California,* supra, went no further in interpreting the federal constitution than to hold that it prohibits comment by the court or prosecutor on the failure of a defendant in a criminal case to testify.[1]

---

[1] "We said in *Malloy* v. *Hogan,* . . . [378 U.S. 1, 11, 84 S. Ct. 1489, 12 L. Ed. 2d 653] that 'the same standards must determine whether an accused's silence in either a federal or state proceeding is justified.' We take that in its literal sense and hold that the Fifth Amendment, in its direct application to the Federal Government, and

To comply with the defendant's request to charge would not only have required the court to comment on the failure or neglect of the defendant to testify but to do so in a manner which would favor the defendant. To forbid the jury to draw any inference from his failure to testify would go beyond the "silence" mandated by *Griffin* v. *California,* supra. In addition, since when a defendant does choose to testify the jury are normally permitted to draw inferences regarding his motives for testifying and regarding the truth or falsity of his testimony, an instruction such as that requested by the defendant would place a nontestifying defendant in a more favorable position than one who testifies. It would permit the use of the fifth amendment shield against self-incrimination as an offensive weapon for the defense.

The charge given by the court clearly instructed the jury that the state had the burden of proof beyond a reasonable doubt as to every element of the crime charged against him, and that the defendant could remain silent and did not have to prove anything. It properly refrained from any comment whatsoever on the neglect or failure of the defendant to testify and in doing so committed no error. In the light of the earlier decisions of this court as now modified by the 1965 decision of the United States Supreme Court in *Griffin* v. *California,* supra, we conclude that "[t]he requirements of law are fully met when counsel and the court have avoided comment upon the fact that the accused has failed to take the witness stand"; *State* v. *Colonese,* supra,

in its bearing on the States by reason of the Fourteenth Amendment, forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt." *Griffin* v. *California,* 380 U.S. 609, 615, 85 S. Ct. 1229, 14 L. Ed. 2d 106.

464; and "[t]he privilege [of a defendant] of refraining from testifying, if he so elect, does not protect him from any unfavorable inference which may be drawn by his triers from his exercise of the privilege." *State* v. *Ford,* supra, 497, sustained in *State* v. *Hayes,* supra, 591–92. The charge was correct in law. *State* v. *LaBreck,* 159 Conn. 346, 348, 269 A.2d 74.

There is no error.

In this opinion the other judges concurred.