STATE OF CONNECTICUT *v.* BERNARD H. LANE

COTTER, C. J., LOISELLE, BOGDANSKI, HEALEY and PARSKEY, Js.

Argued November 14—decision released December 11, 1979

*E. Eugene Spear,* public defender, with whom, on the brief, were *Jerrold H. Barnett,* public defender, and *Robert Gorman* and *Thomas Ullman,* law student interns, for the appellant (defendant).

*Eugene J. Callahan,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Frank S. Maco* and *Walter D. Flanagan,* assistant state's attorneys, for the appellee (state).

---

[5] The exceptions are set forth in § 35-31 of the General Statutes.

PER CURIAM. In *State* v. *Branham,* 171 Conn. 12, 368 A.2d 63 (1976), we held that in the absence of controlling statutory provisions[1] an accused is not entitled to an instruction to the jury that no adverse inferences are to be drawn from his failure to testify in his own defense. The defendant in this case asks us to reexamine and overrule *Branham.* The most recent expression by the United States Supreme Court on this subject appears in *Lakeside* v. *Oregon,* 435 U.S. 333, 98 S. Ct. 1091, 55 L. Ed. 2d 319 (1978). Nothing in that case or in other cases cited by the defendant in his brief persuades us to come to a different conclusion.

There is no error.

---

[1] Since the trial of this case General Statutes § 54-84 has been amended to read, in pertinent part, as follows: "(b) Unless the accused requests otherwise, the court shall instruct the jury that they may draw no unfavorable inferences from the accused's failure to testify. . . ."