STATE OF CONNECTICUT *v.* ANONYMOUS (1980–10)*

APPELLATE SESSION OF THE SUPERIOR COURT

ARMENTANO, J. On a trial to a jury the defendant was found guilty of larceny in the third degree in violation of General Statutes § 53a-124. During the trial the defendant presented no evidence and did not testify in his own behalf. He appeals from the judgment claiming that the court erred in three respects, namely: (1) it improperly charged the jury on the definition of "proof of guilt beyond a reasonable doubt"; (2) the charge improperly removed from the jury's consideration an issue of fact; and (3) the court improperly failed to charge that no unfavorable inference could be drawn from his failure to testify. A resolution of the third issue is dispositive of this appeal because the other claims involve certain nuances of language in the charge not likely to arise on a retrial.

The charge requested by the defendant is required by General Statutes § 54-84 (b).[1] The history of

---

* Thus entitled, in view of General Statutes § 54-142a.

[1] Section 54-84 (b) states: "Unless the accused requests otherwise, the court shall instruct the jury that they may draw no unfavorable inferences from the accused's failure to testify. In cases tried to

§ 54-84 (b) should be noted. In *State* v. *Branham,* 171 Conn. 12, 368 A.2d 63 (1976), the court held that there was no constitutional requirement that an unfavorable inference charge must be given when the accused exercises his right to remain silent. The court suggested that the jury was entitled to draw an inference in such a case. The court, however, recognized that the legislature could require such an instruction. See also *State* v. *Lane,* 179 Conn. 327, 328, 426 A.2d 297 (1979).

In the 1977 session, the legislature responded and effectively overruled *State* v. *Branham,* supra, by enacting what is now § 54-84 (b). Public Acts 1977, No. 77-360. The original bill required that the unfavorable inference charge be given only when requested by the accused. Substituted House Bill, No. 77-8092, File 563. An amendment shifted the burden to the court and required it to give the charge unless instructed otherwise by the defendant. Substituted House Bill, No. 77-8092 as amended by House amendment schedule "A" and Senate amendment schedule "A," File 1063; 192 H.R. Proc., Pt. 11, 1977 Sess., p. 4544. Senator Salvatore C. DePiano in explaining the amended bill to his colleagues on the senate floor stated: "[Section 54-84 (b)] merely makes the court manditorily [sic] give a charge to the jury that they can draw no unreasonable or unfavorable inference against a defendant who has not testified in his own behalf . . . ." 124 S. Proc., Pt. 5, 1977 Sess., p. 2068.

The court has no discretionary power under § 54-84 (b). It must give the unfavorable inference charge when the accused fails to testify unless the accused instructs the court to the contrary. The word "shall" is mandatory. General Statutes § 1-1

the court, no unfavorable inferences shall be drawn by the court from the accused's silence." This provision was in effect at the time of this case. Public Acts 1977, No. 77-360.

provides that in construing statutes, words and phrases are to be given their ordinary meaning. Unless the context indicates otherwise, the word "shall" must be assumed to have been used with awareness of its ordinary meaning. *Graham* v. *Zimmerman,* 181 Conn. 367, 371, 435 A.2d 996 (1980).

The court erred when it failed to give the unfavorable inference charge. For an erroneous portion of a charge to be reversible error, the court must consider the whole charge and, in appeals not involving a constitutional question, the test is whether it is reasonably probable that the jury were misled. *State* v. *Williams,* 182 Conn. 262, 267, 438 A.2d 80 (1980); *State* v. *Ruiz,* 171 Conn. 264, 273, 368 A.2d 222 (1976). The court's contravention of § 54-84 (b) is not a constitutional question. Therefore the issue before us is whether it is reasonably probable that the jury, as charged, were misled into believing that they could draw unfavorable inferences from the accused's failure to testify.

The court did charge that the jury could draw "from any facts which [they] found proved or admitted such inferences as are reasonable and logical." Without more, the probability exists that the jury would infer the defendant's guilt from his failure to testify. Even without this charge, it is only natural that, without instructions to the contrary, unfavorable inferences would be drawn by a jury which did not hear the defendant deny his culpability or, at least, give his version of the facts.

Our decision is supported by the federal authorities. Under the federal code of criminal procedure, an accused's failure to testify "shall not create any presumption against him." 18 U.S.C. § 3481. Under this provision the federal courts are required, when requested by an accused, to instruct the jury against

drawing an unfavorable inference from his failure to testify. *Bruno* v. *United States,* 308 U.S. 287, 293, 60 S. Ct. 198, 84 L. Ed. 257 (1939). "By legislating against the creation of any 'presumption' from a failure to testify, Congress could not have meant to legislate against the psychological operation of the jury's mind. It laid down canons of judicial administration for the trial judge to the extent that his instructions to the jury, certainly when appropriately invoked, might affect the behavior of jurors." Id. In our jurisdiction § 54-84 (b) imposes an even more definite duty upon the court without a request from an accused to instruct the jury that it must not draw an unfavorable inference from his constitutional privilege of silence.

There is error, the judgment is set aside and the case is remanded for a new trial.

In this opinion SHEA and BIELUCH, Js., concurred.