STATE OF CONNECTICUT *v.* WESLEY BURKE

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued October 10—decision released November 11, 1980

*Bruce A. Sturman,* assistant public defender, for the appellant (defendant).

*Robert E. Beach, Jr.,* assistant state's attorney, for the appellee (state).

COTTER, C. J. The sole issue raised in this appeal is whether the trial court's failure to give the "no unfavorable inference" instruction mandated by General Statutes § 54-84 (b) is reversible error even when the defendant's trial counsel failed to object to its omission from the charge delivered by the trial court. Because we find error in the trial court's failure to give the required instruction to the jury, we do not discuss the facts except insofar as they relate to the jury instruction here at issue.

At the close of the state's case, defense counsel informed the court that the defendant would not testify. The court inquired into the defendant's understanding of his decision not to testify, counsel

proceeded with the argument to the jury, and thereafter the court gave its instructions to the jury. The defense counsel took various exceptions to the charge, but did not object to the court's failure to give the "no unfavorable inference" instruction contained in General Statutes § 54-84 (b).[1]

The general rule is that, "[o]nly in [the] most exceptional circumstances . . . will this court consider a claim, constitutional or otherwise, that has not been raised and decided in the trial court." *State* v. *Evans,* 165 Conn. 61, 69, 327 A.2d 576 (1973); accord, *State* v. *Williams,* 182 Conn. 262, 267, 438 A.2d 80 (1980); *State* v. *Briggs,* 179 Conn. 328, 332, 426 A.2d 298 (1979), cert. denied, 447 U.S. 912, 100 S. Ct. 3000, 64 L. Ed. 2d 862 (1980); *State* v. *Rogers,* 177 Conn. 379, 418 A.2d 50 (1979); *State* v. *Adams,* 176 Conn. 138, 406 A.2d 1 (1978). The Practice Book provides that this court "shall not be bound to consider error as to . . . the failure to give, an instruction unless the matter is covered by a written request to charge or an exception has been taken immediately after the charge is delivered by the party appealing." Practice Book, 1978, § 854. Although the defendant failed either to request the instruction or to object to its omission, this court will exercise the discretion provided in § 854 and will consider the defendant's claim. Our exercise of discretion is predicated on the fact that, in this case, the legislature statutorily established a new procedure concerning the rights of accused persons who choose to exercise their fifth amendment right not to testify. Where the legis-

[1] "[General Statutes] Sec. 54-84. . . . (b) Unless the accused requests otherwise, the court shall instruct the jury that they may draw no unfavorable inferences from the accused's failure to testify. In cases tried to the court, no unfavorable inferences shall be drawn by the court from the accused's silence."

lature has chosen specific means to effectuate a fundamental right, failure to follow the mandatory provisions of the statute is plain error, reviewable by this court. Practice Book, 1978, § 3063;[2] *Hartford Federal Savings & Loan Assn.* v. *Tucker,* 181 Conn. 607, 609, 436 A.2d 1259 (1980).[3] See *State* v. *Hernandez,* 154 Conn. 698, 700, 229 A.2d 30 (1967).

General Statutes § 54-84 (b) reversed prior case law which held that a defendant who did not testify

[2] Practice Book, 1978, § 3063 provides: "The supreme court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The supreme court may in the interests of justice notice plain error not brought to the attention of the trial court."

[3] In exceptional circumstances, this court will review a claimed error in the jury instructions which was not properly preserved below. See *State* v. *Williams,* 182 Conn. 262, 267, 438 A.2d 80 (1980) (claim of deprivation of fair trial); *State* v. *Williams,* 173 Conn. 545, 559, 378 A.2d 588 (1977) (appellate counsel's criticism of trial counsel); *State* v. *Bennett,* 171 Conn. 47, 59, 368 A.2d 184 (1976) (claim of deprivation of fair and impartial trial guaranteed by the sixth and fourteenth amendments); *State* v. *Van Valkenburg,* 160 Conn. 171, 174, 276 A.2d 888 (1970) (federal constitutional rights); *State* v. *Dortch,* 139 Conn. 317, 325, 93 A.2d 490 (1952) (capital case).

Our holding rests upon the conclusion that this case presents a similarly exceptional situation. We emphasize that this holding does not expand the limitations on review delineated in *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973), and is expressly limited to its precise facts. Here the statute in question had been in effect for four months, yet seems to have escaped the attention of the trial court and the state as well as defense counsel. Had there been any indication that defense counsel had made a strategic decision to sit silently at the close of the charge, and then raise this claim of error if the verdict proved unpalatable; *Gigliotti* v. *United Illuminating Co.,* 151 Conn. 114, 121, 193 A.2d 718 (1963); we would have refused to review the defendant's claim. Nothing we have said today in any way reduces the responsibility of trial counsel to make all objections to the trial court so that correction may be made at the time of trial. *State* v. *Yorczyk,* 167 Conn. 434, 437, 356 A.2d 169 (1974); *Prystash* v. *Best Medium Publishing Co.,* 157 Conn. 507, 512, 254 A.2d 872 (1969); *Douglass* v. *95 Pearl Street Corporation,* 157 Conn. 73, 85, 245 A.2d 129 (1968); *Towhill* v. *Kane,* 147 Conn. 191, 193, 158 A.2d 251 (1960).

at trial was not entitled to have the jury instructed that his failure to testify should not be considered as an inference against him. *State* v. *Lane,* 179 Conn. 327, 426 A.2d 297 (1979); *State* v. *Branham,* 171 Conn. 12, 368 A.2d 63 (1976); *State* v. *Ford,* 109 Conn. 490, 146 A. 828 (1929); *State* v. *Colonese,* 108 Conn. 454, 143 A. 561 (1928). The present statute clearly requires that the court instruct the jury that no unfavorable inferences may be drawn from the defendant's failure to testify.[4] *State* v. *Anonymous (1980–10),* 36 Conn. Sup. 583, 421 A.2d 872 (1980). We hold today that this charge must be given unless the defendant requests otherwise.[5] In so holding, we do no more than reaffirm the clear intent of the legislature as expressed in

---

[4] By way of comparison, the parallel federal statute, 18 U.S.C. § 3481, states that the failure of the accused to testify ". . . shall not create any presumption against him." The United States Supreme Court found that the statute was "an implied direction" that the trial judge instruct the jury accordingly if the defendant so requests. *Bruno* v. *United States,* 308 U.S. 287, 60 S. Ct. 198, 84 L. Ed. 257 (1939). The Supreme Court held that refusal to grant such an instruction was not merely a technical error. The court stated that "the right of an accused to insist on a privilege which Congress has given him" is a matter of "a very different order of importance"; *Bruno* v. *United States,* supra, 294; and reversed the conviction because the trial judge failed to give the requested "no inference" instruction. In contrast to the federal statute at issue in *Bruno,* the Connecticut statute specifically states that the instruction shall be given unless the defendant requests otherwise.

[5] The state argues that the charge, even if given, would only have emphasized the defendant's failure to take the witness stand. The short answer to this argument is provided by Justice Frankfurter: "To the suggestion that it benefits a defendant who fails to take the stand not to have the attention of the jury directed to that fact, it suffices to say that, however difficult it may be to exercise enlightened self-interest, the accused should be allowed to make his own choice when an Act of Congress authorizes him to choose. And when it is urged that it is a psychological impossibility not to have a presumption arise in the minds of jurors against an accused who fails to testify, the short answer is that Congress legislated on a contrary assumption and not without support in

the words of the statute. General Statutes § 54-84 (b); 20 H. R. Proc., Pt. 11, 1977 Sess., pp. 4543–45; 20 S. Proc., Pt. 5, 1977 Sess., pp. 2067–69. As a means of complying with the statute, we suggest that prior to delivering the charge to the jury, the trial court, in the absence of the jury, inquire of the defendant and of counsel if they would like the court to instruct the jury that jurors may not draw unfavorable inferences from the defendant's failure to testify.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.

---

experience. It was for Congress to decide whether what it deemed legally significant was psychologically futile. Certainly, despite the vast accumulation of psychological data, we have not yet attained that certitude about the human mind which would justify us in disregarding the will of Congress by a dogmatic assumption that jurors, if properly admonished, neither could nor would heed the instructions of the trial court that the failure of an accused to be a witness in his own cause 'shall not create any presumption against him.'" *Bruno* v. *United States,* 308 U.S. 287, 294, 60 S. Ct. 198, 84 L. Ed. 257 (1939). Accord, *United States* v. *Garguilo,* 310 F.2d 249, 252 (2d Cir. 1962) (Friendly, J.). The wisdom of the Connecticut legislature in such matters is no less entitled to our respect.