## STATE OF CONNECTICUT *v.* ELEUTERIO CRUZ
### (AC 18921)

O'Connell, C. J., and Lavery and Hennessy, Js.[1]

[1] The listing of judges reflects their seniority status on this court as of the date of oral argument.

Argued February 15—officially released August 15, 2000

*Louis S. Avitabile*, special public defender, for the appellant (defendant).

*Joy K. Fausey*, deputy assistant state's attorney, with whom, on the brief, was *James E. Thomas*, state's attorney, for the appellee (state).

*Opinion*

O'CONNELL, C. J. The defendant, Eleuterio Cruz, appeals from the judgments of conviction, rendered

after a jury trial, of larceny in the second degree in violation of General Statutes § 53a-123 (a) (2), possession of narcotics in violation of General Statutes § 21a-279 (a) and possession of narcotics within 1500 feet of a school in violation of § 21a-279 (d). The defendant claims that the trial court improperly (1) failed to instruct the jury that it must not draw an unfavorable inference from the failure of the defendant to testify, (2) joined the larceny and narcotics counts for trial, and (3) failed to instruct the jury on expert witness testimony. We reverse the judgments of the trial court and remand the cases for a new trial.

The jury reasonably could have found the following facts. On October 16, 1997, the defendant was arrested by Hartford police officers pursuant to a warrant charging him with larceny in the second degree. The larceny that provided the basis for the warrant occurred between August 16 and September 30, 1997, when the defendant was a shift manager at a McDonald's restaurant. A search incident to the defendant's arrest resulted in the seizure of three bags of heroin from his person. The place of the arrest was within 1500 feet of a public school.

The larceny count was contained in docket no. CR-97-512861, and the two drug counts were in docket no. CR-97-512860. The court granted the state's motion to consolidate the two cases for trial.

I

The defendant claims first that the trial court improperly failed to instruct the jury that it must not draw an unfavorable inference from his failure to testify. We agree.

General Statutes § 54-84 (b) expressly mandates that the jury be so instructed unless the defendant requests

otherwise.[2] The defendant filed no request that the mandatory jury instruction not be given. It is apparent that the court was of the opinion that such an instruction did not have to be given unless the defendant requested it. Following the court's final instruction, the following colloquy took place out of the presence of the jury:

"[Defense Counsel]: Isn't there a statutory requirement to instruct the [jury regarding the defendant's] not testifying?

"The Court: If you requested—I asked you if you had any requests to charge on it. I've already given two instructions during the period of the trial. During the trial, I pointed out that he did not—that they could draw no inference from his failure to testify and so forth. However, if you want a further charge on that, I'll be delighted to give it to you. Okay? I think it's—I think, though, that's something you have to request if you want it, if you want anything further. But I did cover it at least two or three times, at least once during the preliminary statement and at least two or three times during the course of the trial.

"[Defense Counsel]: All right.

"The Court: If you want something further, I'll be happy to give it. You don't want anything else at this stage? Anything else? Let's do the exhibits."

The defendant did not respond in any way to the court's offer to give the charge at that juncture. The state argues that the defendant's silence in the face of the court's offer should be construed as an intentional exercise of his option under the statute that the instruction not be given. It is the state's contention that,

[2] General Statutes § 54-84 (b) provides in relevant part: "Unless the accused person requests otherwise, the court shall instruct the jury that they may draw no unfavorable inferences from the accused's failure to testify. . . ."

because the defendant declined the court's offers to give a late instruction, he waived his claim on appeal. We are not persuaded.

None of the cases relied on by the state involved the § 54-84 (b) mandatory instruction. None carries the heavy weight of the automatic reversal rule fashioned by this court in *State* v. *Suplicki*, 33 Conn. App. 126, 130, 634 A.2d 1179, cert. denied, 229 Conn. 920, 642 A.2d 1216 (1994).

In *Suplicki*, we held that "the total omission of the 'no adverse inference' instruction is plain error that is not subject to a harmless error analysis. The unconditional language of the statute is a legislative mandate and the failure to use that language is a pivotal aspect of the defendant's privilege against self incrimination. The statutory language is based on a constitutional right and its omission can never be harmless." Id. We will not infer a waiver from the defendant's silence. Because the trial court failed to give the mandatory instruction, the judgments must be reversed and a new trial ordered.

## II

The defendant claims next that the trial court improperly consolidated the trial of the drug counts with the larceny count. We do not agree.

We note that even though our decision on the first issue requires a new trial, we also consider this claim because this issue is likely to arise again at retrial. Prior to the start of jury selection, the state filed a motion to consolidate the larceny and the drug informations. See Practice Book § 41-19. In deciding whether a defendant should be tried jointly on charges arising separately, the trial court enjoys broad discretion, which, in the absence of manifest abuse, an appellate court may not disturb. *State* v. *King*, 187 Conn. 292, 299, 445 A.2d 901 (1982). The defendant bears the heavy burden

of showing that the court's action resulted in substantial injustice and that any resulting prejudice was beyond the curative power of the court's instructions. *State* v. *Boscarino*, 204 Conn. 714, 721, 529 A.2d 1260 (1987). Factors for the trial court to consider in determining whether cases should be consolidated are well established. These include (1) whether the charges involved discrete, easily distinguishable factual scenarios, (2) whether the crimes were of a violent nature or concerned brutal or shocking conduct on the defendant's part and (3) the duration and complexity of the trial. Id., 722–23.

An examination of those factors in the present case shows that the charges involved discrete, easily distinguishable factual scenarios. The fact patterns were simple and direct, and the crimes were totally different from each other and involved different locations and times. The evidence was presented in a simple chronological order that clearly distinguished the evidence applicable to each case. *State* v. *Bell*, 188 Conn. 406, 411, 450 A.2d 356 (1982). There is no likelihood that the jury could confuse the evidence from one case with the other case. The crimes were not of a brutal or shocking nature. The trial was brief and not complex, the evidentiary portion lasting only two days. Only eight witnesses testified, six very briefly. Our Supreme Court has upheld consolidation in cases involving longer and more complex trials. See, e.g., *State* v. *Jennings*, 216 Conn. 647, 659–60, 583 A.2d 915 (1990) (fourteen witnesses and twenty-eight exhibits over five days); *State* v. *Herring*, 210 Conn. 78, 97, 554 A.2d 686 (twenty-three witnesses over eight days), cert. denied, 492 U.S. 912, 109 S. Ct. 3230, 106 L. Ed. 2d 579 (1989).

Although the trial court did not include a cautionary charge in its final instructions, it did remark to the jury, just prior to final arguments, that it must be careful to not use the evidence from one case to influence its

decision on the other.[3] Although it might have been preferable for the court to include these remarks as part of its final instructions, it is clear that keeping the cases separate was brought to the jury's attention.

The trial court did not abuse its discretion in consolidating the two cases for trial.

### III

The defendant claims finally that the trial court improperly failed to instruct the jury on the assessment of expert testimony. Because this issue may not arise on retrial, we decline to review it.

The judgments are reversed and the cases are remanded for a new trial.

In this opinion the other judges concurred.

---

[3] The court commented to the jury as follows: "I think it is important just to reiterate one or two other things. It's important to remember that you have to judge these cases, the three cases in the three counts separately from one another. Just because you find one, doesn't mean that you have to find the other. So, I just want to make sure that you keep these clear cut distinctions in your mind."

