STATE OF CONNECTICUT *v.* MICHAEL DIFANO
(AC 28472)

Gruendel, Robinson and Borden, Js.

Argued May 29—officially released August 12, 2008

*Conrad Ost Seifert*, with whom was *Peter W. Rotella*, for the appellant (defendant).

*Bruce R. Lockwood*, assistant state's attorney, with whom, on the brief, were *Michael L. Regan*, state's attorney, *Geoffrey E. Marion*, former senior assistant state's attorney, and *Jennifer L. Springer*, certified legal intern, for the appellee (state).

*Opinion*

BORDEN, J. The defendant, Michael DiFano, appeals from the judgment of conviction, rendered after a jury trial, of operating a motor vehicle while under the influence of intoxicating liquor or drugs in violation of General Statutes § 14-227a (a) (1). On appeal, the defendant claims that the trial court improperly failed to instruct the jurors that they were to draw no unfavorable inferences from his decision not to testify pursuant to General Statutes § 54-84 (b).[1] Specifically, the defendant argues (1) that he did not request that the charge not be given, within the meaning of the statute, and (2) in the alternative, that to the extent that his counsel requested that the "no unfavorable inferences" charge not be given, the waiver was ineffective because the statute mandates that the defendant personally waive the right to the charge. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the defendant's appeal. The defendant was charged, in a substitute information, with operating a

---

[1] General Statutes § 54-84 provides: "(a) Any person on trial for crime shall be a competent witness, and at his or her option may testify or refuse to testify upon such trial. The neglect or refusal of an accused party to testify shall not be commented upon by the court or prosecuting official, except as provided in subsection (b) of this section.

"(b) Unless the accused requests otherwise, the court shall instruct the jury that they may draw no unfavorable inferences from the accused's failure to testify. In cases tried to the court, no unfavorable inferences shall be drawn by the court from the accused's silence."

motor vehicle while under the influence of intoxicating liquor or drugs in violation of § 14-227a (a) (1). The defendant elected a jury trial. After the close of evidence, and after the court had charged the jury, the court raised, sua sponte, the issue of whether it should recall the jurors to charge them in conformance with § 54-84 (b). The following colloquy ensued:

"The Court: [T]here is something I would like to clear up. . . . It was in the preliminary instructions twice; I didn't have a specific instruction about the fact that [the defendant] didn't testify and that [the jurors are] not to hold it against him. You . . . want me to bring attention to that or not? I'm willing to bring them out—bring them out, although I've done that twice before, that you're not to hold it against him.

"[Defense Counsel]: *I think the court has addressed that issue and taken care of that problem.*

"The Court: I just want to make sure because some people might have felt that it's something that should be said again, but I believe it has been covered twice.[2]

"[Defense Counsel]: *No, I'm satisfied with that.*

"The Court: All right. So, anything else?" (Emphasis added.)

The court then moved on to other matters, and the jurors were not provided with a charge pursuant to § 54-84 (b). Subsequently, the jury returned a verdict of guilty, and the court rendered judgment on the verdict. This appeal followed.

I

The defendant claims first that his counsel did not request that the § 54-84 (b) charge not be given, and,

---

[2] We recognize that the court improperly determined that its preliminary no unfavorable inferences instruction was sufficient to satisfy the statute. See *State* v. *Hicks*, 97 Conn. App. 266, 277, 903 A.2d 685, cert. denied, 280 Conn. 930, 909 A.2d 958 (2006).

therefore, the court improperly failed to charge the jury that it was to draw no adverse inference from the defendant's failure to testify. We disagree.

Section 54-84 (b) provides in relevant part: *"Unless the accused requests otherwise,* the court shall instruct the jury that they may draw no unfavorable inferences from the accused's failure to testify. . . ." (Emphasis added.) "[T]his charge must be given unless the defendant requests otherwise." *State* v. *Burke,* 182 Conn. 330, 333, 438 A.2d 93 (1980). "[T]he statutory right is conferred upon the defendant unconditionally, in the absence of his request that the charge not be given. . . . Our legislature has prescribed the language provided in § 54-84 (b) to be the jury instruction that *must* be given to reduce speculation to a minimum." (Citation omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Thurman,* 10 Conn. App. 302, 309, 523 A.2d 891, cert. denied, 204 Conn. 805, 528 A.2d 1152 (1987). "[T]he total omission of the no adverse inference instruction is plain error that is not subject to a harmless error analysis. The unconditional language of the statute is a legislative mandate and the failure to use that language is a pivotal aspect of the defendant's privilege against self-incrimination." (Internal quotation marks omitted.) *State* v. *Cruz,* 59 Conn. App. 426, 430, 757 A.2d 74, cert. denied, 254 Conn. 947, 762 A.2d 904 (2000).

Although it is a close case, we conclude that the defendant's colloquy with the court constituted the functional equivalent of a "[request] otherwise," namely, a request that the court not deliver a "no unfavorable inferences" instruction. There is no specific talismanic language necessary to constitute such a request. The court raised the issue itself and offered to give the instruction without any further request or other action by defense counsel. Defense counsel, instead of remaining silent or simply accepting the court's offer, affirmatively spoke *against* giving the instruction.

When the court asked if defense counsel wanted it to give the instruction, defense counsel stated that he was satisfied that the substance of the instruction had been covered. The court asked a second time, and defense counsel again stated that he was satisfied with the court's prior instructions. In context, we conclude that it was reasonable for the court to interpret defense counsel's representations as an affirmative request not to recall the jury and deliver the "no unfavorable inferences" charge pursuant to § 54-84 (b).[3]

The defendant first directs the attention of this court to *State* v. *Stewart*, 64 Conn. App. 340, 780 A.2d 209, cert. denied, 258 Conn. 909, 782 A.2d 1250 (2001). In that case, as in this case, the defendant did not testify, and the trial court omitted the "no unfavorable inferences" charge. Unlike the situation in this case, the parties and the court in *Stewart* discussed during a precharge conference whether to deliver the charge. The initial conference was conducted on April 16, 1998. This court summarized the substance of that discussion as follows: "The court reviewed the preliminary requests to charge during the conference. The defendant's counsel made a specific request that the court omit any reference to the defendant's failure to testify. The court reminded counsel of its obligation under [§] 54-84 (b). The court further advised that [the] no unfavorable inferences instruction was part of the court's base charge. . . .

"Nonetheless, defendant's counsel persisted in asking the court not to comment on his client's failure to testify. In doing so, counsel stressed the word highlight in using the phrase, I don't want to highlight his failure to testify. . . .

---

[3] The parties have not briefed the issue of whether the timing of the court's offer, after the jurors had been released for deliberation, makes a difference to the result of this case. Therefore, we do not address that issue.

"On April 20, 1998, the court continued its charging conference with counsel in chambers. After disclosing to counsel the substance of its charge, the court once again inquired of the defendant's counsel whether he still wanted the court to omit the mandatory no unfavorable inferences charge. Defendant's counsel reiterated that he did not wish the court to highlight his client's failure to take the [witness] stand and requested the charge not be given." (Internal quotation marks omitted.) Id., 343–44 n.4. On appeal, the defendant did not refute that the representations of counsel made during the precharging conferences constituted a request not to deliver the § 54-84 (b) charge.[4]

The defendant here argues that in order for a defendant to "request otherwise," the defendant must make the request as clearly as counsel had in *Stewart*. We find nothing in the statute, however, that requires the defendant to request as vigorously and repeatedly as counsel had in *Stewart* in order for the request not to charge to be effective, nor does the statute indicate that the defendant must inform the court of the reasons why the charge is unwanted, as had the *Stewart* defendant.

Next, the defendant argues that the present appeal is controlled by *State* v. *Cruz*, supra, 59 Conn. App. 426. Similar to the situation in the present case, this court in *Cruz* faced the question of whether a discussion regarding whether the trial court should deliver a § 54-84 (b) charge constituted a request by the defendant not to deliver the charge. The conversation took place after the court had delivered its charge to the jury. This court reviewed the following relevant colloquy in that case:

"[Defense Counsel]: Isn't there a statutory requirement to instruct the [jury regarding the defendant's] not testifying?

---

[4] The *Stewart* defendant argued, instead, that only the defendant personally could waive the right to the charge, as discussed in part II of this opinion.

"The Court: If you requested—I asked you if you had any requests to charge on it. I've already given two instructions during the period of the trial. During the trial, I pointed out that he did not—that they could draw no inference from his failure to testify and so forth. However, if you want a further charge on that, I'll be delighted to give it to you. Okay? I think it's—I think, though, that's something you have to request if you want it, if you want anything further. But I did cover it at least two or three times, at least once during the preliminary statement and at least two or three times during the course of the trial.

"[Defense Counsel]: All right.

"The Court: If you want something further, I'll be happy to give it. You don't want anything else at this stage? Anything else? Let's do the exhibits." (Internal quotation marks omitted.) Id., 429.

This court determined that defense counsel's statement of "[a]ll right" and his failure to accept the court's offer to deliver the charge did not constitute a request not to deliver the charge within the meaning of § 54-84 (b). Id., 430.

Although we acknowledge that there are certain similarities between the circumstances presented in *Cruz* and those of the present case, we conclude that the representations made by defense counsel here are distinguishable from those made in *Cruz* and, more importantly, that the representations made here constitute the functional equivalent of a request not to charge. In *Cruz*, the trial court, incorrectly, believed that it had no obligation, absent a request, to deliver the "no unfavorable inferences" charge. The court then offered to deliver the charge if the defendant affirmatively requested that it do so. Defense counsel failed to make such a request, but counsel's failure to request the charge did not clearly manifest a desire that the instruction not be

given. Rather, at most, it manifested an acceptance of the court's improper interpretation of the statute and an indifference to whether the charge be given or not.

Unlike the court in *Cruz*, the court here raised the issue itself and offered to give the instruction without any further request or other action by defense counsel. As discussed previously, rather than remaining silent or accepting the court's offer, defense counsel here twice affirmatively spoke against delivering the charge.

## II

In the alternative, the defendant claims that § 54-84 (b) establishes a personal right to a "no unfavorable inferences" charge and that this right may not be effectively waived by counsel but only by the accused personally. The defendant acknowledges that this court previously rejected the same argument in *State* v. *Stewart*, supra, 64 Conn. App. 340. He argues, however, that *Stewart* should be overruled. Specifically: (1) the defendant invites us to reevaluate *Stewart* in light of the subsequently enacted General Statutes § 1-2z, which codified the "plain meaning rule," and overrule *Stewart* because § 54-84 (b) unambiguously requires the accused personally to request that the "no unfavorable inferences" charge not be given; and (2) the defendant argues that even if the meaning of "accused" is not plain and unambiguous, we should overrule *Stewart* as not properly interpreting the statutory provision. We are unpersuaded that the ruling of *Stewart* must be revisited.

Initially, we note that the record does not contain any indication that the defendant requested an en banc review of this issue. We have recognized, however, that "this court's policy dictates that one panel should not, on its own, [overrule] the ruling of a previous panel. The [overruling] may be accomplished only if the appeal is heard en banc." (Internal quotation marks omitted.)

*Boccanfuso* v. *Conner*, 89 Conn. App. 260, 285 n.20, 873 A.2d 208, cert. denied, 275 Conn. 905, 882 A.2d 668 (2005).[5]

The defendant's claim implicates the doctrine of stare decisis. "The doctrine of stare decisis counsels that a court should not overrule its earlier decisions unless the most cogent reasons and inescapable logic require it. . . . Stare decisis is justified because it allows for predictability in the ordering of conduct, it promotes the necessary perception that the law is relatively unchanging, it saves resources and it promotes judicial efficiency." (Internal quotation marks omitted.) *Commission on Human Rights & Opportunities* v. *Sullivan*, 285 Conn. 208, 216, 939 A.2d 541 (2008); see also *Herald Publishing Co.* v. *Bill*, 142 Conn. 53, 61–62, 111 A.2d 4 (1955).

A

First, the defendant argues that we should revisit the *Stewart* determination in light of the enactment of § 1-2z. The defendant acknowledges that our Supreme Court has determined that § 1-2z does not apply retroactively; see *Hummel* v. *Marten Transport, Ltd.*, 282 Conn. 477, 501, 923 A.2d 657 (2007); but argues, nonetheless, that the meaning of "accused" in the statute would have been interpreted differently by the *Stewart* court had the question been presented subsequent to the enactment of § 1-2z.

Section 1-2z provides: "The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous

---

[5] Practice Book § 70-7 (a) provides: "Before a case is assigned for oral argument, the chief justice or the chief judge may order, on the motion of a party or sua sponte, that a case be heard en banc." See *Boccanfuso* v. *Conner*, supra, 89 Conn. App. 285 n.20.

and does not yield absurd or unworkable results, extra-textual evidence of the meaning of the statute shall not be considered." Our Supreme Court has clarified that the sole purpose of the legislature in enacting § 1-2z was to restore the plain meaning rule as it existed in Connecticut common law. See *Hummel* v. *Marten Transport, Ltd.*, supra, 282 Conn. 501.

The *Stewart* court invoked the common-law plain meaning rule during its review of the statutory provision, noting: "We begin our analysis by examining the language of § 54-84 (b). As in any exercise of statutory interpretation, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature." (Internal quotation marks omitted.) *State* v. *Stewart*, supra, 64 Conn. App. 348. It also noted that when possible, "statutory language should be given its plain and ordinary meaning." (Internal quotation marks omitted.) Id., 349. The court reviewed the dictionary definition of "accused" and then surveyed the use of the term in Connecticut common and statutory law. Although it did not explicitly state that the term "accused" was ambiguous, the substance of its analysis makes clear that it found that "accused" reasonably could mean either the accused personally or the accused acting through counsel. See id., 349–55. Thus, because the *Stewart* court found the term to be subject to more than one reasonable interpretation, and therefore ambiguous, the defendant has failed to demonstrate that § 1-2z would have had an impact on the court's analysis had it been in effect at the time of the decision. Cf. *Hummel* v. *Marten Transport, Ltd.*, supra, 282 Conn. 497 n.18. Therefore, we decline the defendant's invitation to revisit *Stewart* based on the subsequent enactment of § 1-2z.

B

The defendant also challenges the substance of the *Stewart* court's reasoning. Specifically, the defendant

asserts that the *Stewart* court improperly noted that "decisions concerning the composition of a jury charge fall into the category of decisions concerning the matters of trial strategy" and, therefore, because the provisions of § 54-84 (b) govern the contents of the jury charge, the decision to waive it is one that may be made by counsel.

The defendant argues that the *Stewart* court was mistaken in believing that decisions regarding the content of jury instructions are decisions appropriately made by counsel, rather than by the accused. He asserts in his appellate brief: "[T]he decision of waiving a statutorily mandated jury instruction intended to preserve the fundamental constitutional right of an accused not to testify is not the same type of decision required of counsel in making a spur of the moment decision to call a subpoenaed witness to the [witness] stand when the testimony of the witness may no longer be required or helpful."

The defendant has not, however, presented any law on this subject that was not available to this court at the time of the *Stewart* determination. See *State* v. *Pratt*, 235 Conn. 595, 610, 669 A.2d 562 (1995). Instead, the defendant implies that interpreting "accused" to include counsel undermines the defendant's right not to testify. He does not, however, explain how it does so.

We are not persuaded that the defendant's argument rises to the level of the "most cogent reasons and inescapable logic" necessary to overrule a prior statutory interpretation. We decline the defendant's invitation to revisit *Stewart*'s determination that the accused's counsel may "request otherwise" and waive the right to a § 54-84 (b) instruction on behalf of the accused, and, therefore, we reject the defendant's claim.

The judgment is affirmed.

In this opinion the other judges concurred.