## STATE OF CONNECTICUT *v.* GRADY COBB
### (11652)

PETERS, C. J., HEALEY, SHEA, DANNEHY and SANTANIELLO, JS.

Argued December 12, 1985—decision released April 1, 1986

*Eugene J. Riccio,* public defender, with whom, on the brief, was *Suzanne Zitser,* assistant public defender, for the appellant (defendant).

*Frederick W. Fawcett,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Henry J. Lyons,* assistant state's attorney, for the appellee (state).

ARTHUR H. HEALEY, J. The defendant, Grady Cobb, was convicted by a jury of assault in the first degree, in violation of General Statutes § 53a-59 (a) (1).[1] He was

---

[1] General Statutes § 53a-59 (a) (1) provides: "ASSAULT IN THE FIRST DEGREE: CLASS B FELONY. (a) A person is guilty of assault in the first degree

sentenced to a term of not less than five nor more than ten years. He appeals from the judgment of conviction and claims that the trial court erred in its instructions to the jury on (1) the defendant's failure to testify, and (2) the essential elements of the offense charged. We find no error.

The jury could reasonably have found the following facts relevant to this appeal: At approximately 6 p.m. on May 12, 1981, the defendant and the victim, Ruben Rodriguez, were struggling for a gun which both were clutching in their clasped hands above their heads. At the same time, off-duty Stamford police officer Gary Cosby and his friend, Rodney Bass, were driving on Greenwich Avenue in Stamford, and observed the two men engaged in a struggle. Cosby stopped his vehicle on the side of the street. A shot was fired from the weapon. It appeared to Bass that the defendant was in control of the weapon and that Rodriguez had been backing away from the defendant. More shots were fired. The defendant and Rodriguez fell on a stairway and the defendant stood up and fired a shot in the direction of Rodriguez, who was still lying on the stairs. The defendant then walked away from the scene. Cosby went to the aid of the victim while Bass called the police. Cosby knew both the victim and the defendant, and both Cosby and Bass made out-of-court and in-court identifications of the defendant. A medical doctor testified that she examined Rodriguez on the night of the shooting and that a bullet had entered his body near his heart. She considered the injury to be a "very serious physical injury." Neither the defendant nor the victim testified at trial. The defendant did not call any witnesses in his defense.

The defendant first claims that the court erred in instructing the jury on the defendant's failure to tes-

when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument . . . ."

tify because the instruction did not comport with General Statutes § 54-84 (b). The statute provides in part: "Unless the accused requests otherwise, the court shall instruct the jury that they may draw no unfavorable inferences from the accused's failure to testify." The instruction given to the jury by the trial court stated: "And in fairness to this defendant, you should draw no inference from the fact that he did not take the stand and testify in his own behalf."

"Our analysis of this claim of error must proceed in three stages. Is the defendant entitled to raise this claim when he did not raise it at trial? If this claim is properly here, was the instruction given by the trial court erroneous? If the instruction was in error, was the error harmless?" *State* v. *Sinclair,* 197 Conn. 574, 582, 500 A.2d 539 (1985). We initially note that the defendant did not except at trial to the charge as given. Nevertheless, because § 54-84 (b) "serves to effectuate the fundamental constitutional right of a defendant not to testify in his criminal trial"; id.; and because it is "plain error for a trial judge not to comply with the mandate of General Statutes § 54-84 (b)"; *State* v. *Tatem,* 194 Conn. 594, 595, 596, 483 A.2d 1087 (1984); we will review the claim.

The language of the instruction given by the trial court was not in literal compliance with § 54-84 (b) and it was error for the trial court not to give the charge in the statutory language. "No judge can prevent jurors from speculating about why a defendant stands mute in the face of a criminal accusation, but a judge can, and must . . . use the unique power of the jury instruction to reduce that speculation to a minimum." *Carter* v. *Kentucky,* 450 U.S. 288, 303, 101 S. Ct. 1112, 67 L. Ed. 2d 241 (1981); see *State* v. *Tatem,* supra, 599. Our legislature has prescribed § 54-84 (b) to be the jury instruction that must be given to reduce speculation to a minimum. Although we conclude that it was error

for the trial court not to follow the statute as worded when instructing the jury, that conclusion does not end our analysis.

The third prong of our inquiry is whether the error in the giving of the § 54-84 (b) instruction was nevertheless harmless. "An erroneous instruction, even of constitutional dimension, is harmless if, viewed in the context of the charge as a whole, there is no reasonable possibility that the jury were misled. *State v. Hines,* 187 Conn. 199, 209, 445 A.2d 314 (1982)." *State v. Carrione,* 188 Conn. 681, 685, 453 A.2d 1137 (1982); *State v. Tatem,* supra, 599. In this case the jury was told that it could draw "no inference" from the defendant's failure to testify. "An instruction prohibiting any inference would also preclude an unfavorable inference." *State v. Marra,* 195 Conn. 421, 443, 489 A.2d 350 (1985);[2] cf. *State v. Tatem,* supra. Because the jury was instructed that "no inference" may be drawn from the fact that the defendant did not testify, "the substantive meaning of the statutory requirement was conveyed." *State v. Marra,* supra; see *State v. Carrione,* supra, 686. The jury was also instructed that "an accused person is not obliged to take the witness stand in his own behalf" and that the defendant is not "require[d] . . . to prove his innocence" but that it is the "burden of the state to prove his guilt beyond a reasonable doubt." The error of the trial court in not following the prescribed statutory language was, therefore, harmless in the context of this case.

---

[2] We recognize that in *State v. Marra,* 195 Conn. 421, 489 A.2d 350 (1985), the defendant filed two requests to charge on the defendant's failure to testify. One request to charge included the language at issue in that case: " 'No inference or taint should be derived from [the defendant's] failure to testify.' " Id., 442. Although the defendant in the present case did not file a request to charge and was thus entitled to the instruction of General Statutes § 54-84 (b), our analysis of the harmlessness of the error does not differ from that in *State v. Marra.* See *State v. Sinclair,* 197 Conn. 574, 582, 500 A.2d 539 (1985).

The defendant's second claim is that the trial court erred in its instructions to the jury on the essential elements of the offense charged. The defendant concedes that exceptions were not taken to all of the instructions. Despite the defendant's failure to except to the trial court's instructions on all the matters upon which he now seeks review, we will review his claim on appeal under the second "exceptional circumstances" prong of *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973). The alleged failure of the trial court to submit to the jury the essential elements of the offense charged would implicate the fundamental constitutional rights of the defendant. See *State* v. *Griffin,* 175 Conn. 155, 162–63, 397 A.2d 89 (1978).

The defendant contends that the jury charge on the elements of the offense presented such a "confused pattern for the jury to untangle" that the charge contravened his right to know the nature of the accusations against him, his right to due process, and his right to a fair trial under both the federal and state constitutions.

In reviewing a jury charge, we look to the charge as a whole to determine whether it " 'gave the jury a clear understanding of the elements of the crime charged and the proper guidance to determine if those elements were present.' *State* v. *Avila,* 166 Conn. 569, 574, 353 A.2d 776 (1974)." *State* v. *Gabriel,* 192 Conn. 405, 416, 473 A.2d 300 (1984). "The court's instructions on the offense charged must include every element of that offense. 75 Am. Jur. 2d, Trial § 713; see annot., 'Duty in instructing jury in criminal prosecution to explain and define offense charged,' 169 A.L.R. 315." *State* v. *Kurvin,* 186 Conn. 555, 560–61, 442 A.2d 1327 (1982).

A review of the instructions given to the jury by the trial court is necessary to our disposition of this claim.

The trial court began its discussion of the law as it related to the facts of this case by reading the information which charged the defendant with a violation of General Statutes § 53a-59 (a) (1). The court then proceeded to read § 53a-59 (a) (3) and expanded on the meaning and significance of "reckless" in subsection (3). The court concluded this instruction by telling the jury that it could also consider the lesser included offenses of assault in the second or third degree.[3] At this point, the assistant state's attorney requested a short recess.

After the recess and a conference with the attorneys, the court explained that it was "going to start from the beginning" and reread the information and the statute. The jury was read the correct statutory section and the trial court added certain statutory provisions of assault in the second and in the third degree. The court then concluded its charge and the jury was excused, but deliberations did not begin at that time. The assistant state's attorney called to the court's attention that he did not recall if the court charged on certain definitions or on intent. The defense counsel agreed with the state's attorney that certain definitions were not given because the previous definitions "used [in] the incorrect subsection . . . went by the boards at that point because you informed the jury to disregard that subsection or that charge and, therefore, I don't think there is any definition at this point." Defense counsel also suggested that the instructions on assault in the first degree had not been given fully. Defense

---

[3] The defendant claims that assault in the second degree; General Statutes § 53a-60 (a) (1); is not a lesser included offense of General Statutes § 53a-59 (a) because it does not meet the criteria of *State* v. *Whistnant,* 179 Conn. 576, 588, 427 A.2d 414 (1980). We need not reach this issue. The defendant did not object to this particular portion of the instructions. "Because the defendant was found guilty of the original offense charged, the lesser included offense was not even considered by the jury." *State* v. *Johnson,* 185 Conn. 163, 176 n.2, 440 A.2d 858 (1981).

counsel also reminded the trial court that it "didn't read the first two subsections of assault three" although it had read subsection (3) of § 53a-59 (a). In addition, defense counsel stated that the court should instruct on his requested charges on reckless endangerment, breach of the peace, and disorderly conduct, and that it should give a *Secondino* charge. *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 165 A.2d 598 (1960). Defense counsel excepted to the court's ruling denying a complete incorporation into the jury charge of his requests to charge. The jury, which had not yet deliberated, was brought back into the courtroom and was correctly instructed on the elements of assault in the first degree, including intent. The court also correctly defined certain relevant terms such as "serious physical injury," "deadly weapon" and "dangerous instrument."

After the luncheon recess, the alternates were discharged and deliberations commenced. The jury, after approximately one hour of deliberations, submitted a question to the court which requested "further clarification of the distinctions between first and second degree assault." The court again read the information and correctly instructed the jury on the elements of assault in the first degree and it also defined assault in the second degree. After the jury was excused, defense counsel informed the court that it had "left out the third part dealing with reckless[ness]."[4] The court, after this request, gave further instructions to the jury. The jury retired and, after further deliberations, returned a verdict of guilty of assault in the first degree.

The jury charge, viewed in its totality, provided the jury with the essential elements of the offense charged.

---

[4] A fair reading of the transcript indicates that defense counsel was referring to General Statutes § 53a-60 (a) (3) which provides that "(a) [a] person is guilty of assault in the second degree when . . . (3) he recklessly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument."

Although the first charge was erroneous, as the state concedes, the supplemental instructions correctly and adequately charged on assault in the first degree in violation of § 53a-59 (a) (1) and thus effectively cured the initial charge. *State* v. *McCall,* 187 Conn. 73, 86, 444 A.2d 896 (1982); *State* v. *Reed,* 174 Conn. 287, 308, 386 A.2d 243 (1978). We continue to disapprove of the reading of an entire criminal charge when only a portion is applicable. *State* v. *Carter,* 189 Conn. 631, 646, 458 A.2d 379 (1983). Correct supplemental instructions given before any deliberations began, however, cured any error that might have resulted from the earlier instructions. The second and correct charge to the jury specifically pointed out that "recklessness is not an element" of "[a]ssault one, as you are concerned with the offense for which the state has charged . . . ." The transcript indicates that the jury was instructed on an erroneous section involving recklessness after defense counsel requested that the court charge on recklessness. If defense counsel did not approve of this portion of the charge, then he should have alerted the court to his previous remarks and suggested whatever curative language he deemed most appropriate. *State* v. *Jones,* 193 Conn. 70, 88, 475 A.2d 1087 (1984). An exception at this point, especially under the circumstances of this case, would have served the important function of alerting the trial court to what defense counsel believed was erroneous while there was time to correct it without ordering a retrial. *State* v. *Jones,* supra. While the failure to except will not, because of the constitutional dimensions of the defendant's claim, prevent a review on appeal, it is an indication that the defendant accepted the charge on recklessness as correct. *State* v. *Jones,* supra, 89. In addition, the court instructed the jury that in the event that it found the defendant not guilty of assault in the first degree, it should consider whether he was guilty of one of the less

serious crimes. Because the defendant was found guilty of assault in the first degree, the lesser included offenses were not "even considered by the jury." *State v. Johnson,* 185 Conn. 163, 176 n.2, 442 A.2d 858 (1981).

We conclude that the essential elements of the crime charged were correctly and adequately presented to the jury and that the defendant therefore cannot prevail on this claim of error.

There is no error.

In this opinion the other judges concurred.