STATE OF CONNECTICUT *v.* RICHARD CRUZ
(7168)

SPALLONE, DALY and JACOBSON, Js.

Argued April 7—decision released May 30, 1989

*Theresa M. Dalton,* with whom, on the brief, was *Martin J. Minella,* for the appellant (defendant).

*John O'Meara,* deputy assistant state's attorney, with whom, on the brief, were *John A. Connelly,* state's attorney, and *Corrine L. Klatt,* deputy assistant state's attorney, for the appellee (state).

DALY, J. The sole issue presented in this appeal is whether the trial court properly denied the defendant's motion to sever the two counts of public indecency brought against him in a single information. The first count charged that the defendant, while in the city of Waterbury on or about August 20, 1987, committed the crime of public indecency in violation of General Statutes § 53a-186. The second count also charged the defendant with committing the crime of public indecency. This charge arose out of an incident occurring in Waterbury on or about March or April, 1987. After a jury trial, the defendant was found guilty of the first count and acquitted on the second count. In this appeal from the judgment of conviction, we find no error.

With respect to the charges stemming from the August, 1987 incident, the jury could reasonably have found the following facts. On August 20, 1987, the complainant, T, was walking along Long Hill Road in Waterbury on her way to the Naugatuck Valley Mall. As she was walking, a man driving a black Cadillac Seville cut in front of her three times. The complainant

noticed that the vehicle had a front license plate that read "Cruz." On two of the occasions when he cut in front of her, the man told the complainant to come over to his car. He eventually pulled his car next to the complainant; at this point she saw that his pants were around his knees and he was masturbating.

The complainant continued walking on Long Hill Road. She observed the rear license plate on the vehicle and stopped in a nearby restaurant to write it down. She then proceeded to the mall where she notified the Waterbury police of the incident.

At the mall, T encountered M, the complainant in the second count. When T told M what had just occurred on Long Hill Road, M indicated that she had had a similar experience several months earlier. M had not reported the incident at the time it occurred, but informed the Waterbury police of it when she learned that T had experienced a similar incident.

The state presented the following evidence regarding the second charge of public indecency. Sometime in March or April, 1987, M was at the Colonial Plaza in Waterbury with a group of friends. When they arrived at Colonial Plaza, M noticed a man driving a black Cadillac Seville around the parking lot. She noticed that the vehicle had a front license plate that read "R. Cruz." M and her friends spent some time in a video game room at Colonial Plaza and, on her way out, she again noticed the man in the car. He called her over to his car but she refused to go. M was eventually within several feet of the man's car and saw that his pants were down and he was masturbating.

The defendant was arrested and charged with two counts of public indecency. At trial, both complainants identified the defendant as the perpetrator.

Prior to trial, the defendant moved to sever counts one and two of the information. The trial court denied the motion. On appeal the defendant claims that he was substantially prejudiced by the joint trial on the two counts because the evidence of one incident would have been inadmissible at a separate trial on the other and the jurors were unable to keep the evidence of these offenses separate in their minds, which led to the prejudicial cumulation of the evidence against him.

" 'Pursuant to [Practice Book] § 829 and [General Statutes] § 54-57 a trial court may order a joint trial of charges involving offenses of the same character. Section 829, however, should be read in the light of Practice Book § 828, which permits severance "[i]f it appears that a defendant is prejudiced by a joinder of offenses . . . ." See *State* v. *King,* 187 Conn. 292, 296, 445 A.2d 901 (1982) . . . . Similarly, in construing § 54-57, we have stated that the question of severance lies within the discretion of the trial court, which should not be interfered with unless it has been manifestly abused. . . . "The discretion of a court to order separate trials should be exercised only when a joint trial will be substantially prejudicial to the rights of the defendant, and this means something more than that a joint trial will be less advantageous to the defendant." *State* v. *Silver,* 139 Conn. 234, 240, 93 A.2d 154 (1952). "[A]n accused bears a heavy burden to show that the denial of severance resulted in substantial injustice . . . ." *State* v. *King,* supra, 302 . . . .' (Citations omitted.) *State* v. *Pollitt,* 205 Conn. 61, 67 58, 530 A.2d 155 (1987)." *State* v. *Whittingham,* 18 Conn. App. 406, 410, 558 A.2d 1009 (1989).

The defendant first contends that the evidence relating to each of the charges would have been inadmissible at a separate trial of the two. We disagree. "Although evidence of other crimes or uncharged conduct is not admissible to show bad character or a dis-

position to commit a crime, such evidence is admissible to show such issues as a common scheme, intent, malice, identity, motive or opportunity. . . . Of course, this evidence must be relevant and material to an element of the crime and its probative value must outweigh its prejudicial effect.'' (Citations omitted.) *State* v. *Greene,* 209 Conn. 458, 464–65, 551 A.2d 1231 (1988).

In the present case, the many distinctive factual similarities of the two charges reasonably could have weighed in favor of admissibility to show a common scheme. Both of the incidents involved teenage girls who were approached by an individual with physical characteristics similar to those of the defendant. In each incident, the perpetrator was driving a black Cadillac Seville with a front license plate bearing ''Cruz'' or ''R. Cruz.'' In both incidents, the driver called the complainant over to the car. When she refused, the driver pulled his car close enough for her to see inside the car. Finally, in both instances, the driver exposed himself and masturbated in full view of the complainant.

We disagree with the defendant's contention that the factual similarities between the two charges were not sufficiently distinctive to warrant the admission of that evidence. Relying on *State* v. *Ibraimov,* 187 Conn. 348, 446 A.2d 382 (1982), the defendant argues that the number of times that young girls have been called over to a vehicle by a man and become the unwilling witness to indecent exposure are ''too great according to general experience to narrow the circle of possible suspects significantly.'' See id., 354. The defendant's argument is unavailing. The factual similarities between the two charges are far greater than the defendant's characterization of them as ''common.'' We conclude that the factual similarities between the two incidents in this case are sufficiently distinctive to render the evidence of each admissible to show a common scheme at

a trial of the other if they had been tried separately. Accordingly, the defendant was not prejudiced by a single trial on both charges. See *State* v. *Pollitt,* supra, 68.

We are similarly unpersuaded by the defendant's claim that, due to the similarity of the two charges, the jurors improperly confused and cumulated the evidence. "A trial court will not have manifestly abused its discretion in denying severance if the state's orderly presentation of evidence has prevented confusion of the jury and has enabled the jury to consider the evidence relevant to each charge separately and distinctly." Id. Moreover, "testimony need not be presented in chronological order to withstand an attack on its potential to confuse the jury." *State* v. *Greene,* supra, 467.

Our review of the transcript reveals that the state's evidence was straightforward, not complex and presented in an orderly manner. We do not agree that the possibility for jury confusion existed. See *State* v. *Saraceno,* 15 Conn. App. 222, 234, 545 A.2d 1116 (1988); see also *State* v. *Greene,* supra. Furthermore, this belief is buttressed by the fact that the jury acquitted the defendant of the second count of public indecency. See *State* v. *Whittingham,* supra, 413. " 'By acquitting the defendant of this one count, the jury demonstrated that it was not simply cumulating evidence in order to decide the case before them, but rather demonstrated that each count was analyzed separately. *State* v. *LoSacco,* 11 Conn. App. 24, 27, 525 A.2d 1158 (1988).' *State* v. *Iovieno,* [14 Conn. App. 710, 722, 543 A.2d 766 (1988)]; *State* v. *Saraceno,* [supra, 234]." *State* v. *Whittingham,* supra.

There is no error.

In this opinion the other judges concurred.