## STATE OF CONNECTICUT *v.* MALCOLM CARPENTER
## (6639)

DUPONT, C. J., SPALLONE and FOTI, Js.

Argued April 13—decision released July 11, 1989

*William H. Narwold,* special public defender, with whom were *David B. Teitelman* and, on the brief, *Robert J. Petrilli* and *Karen L. Goldwaithe,* for the appellant (defendant).

*Rita M. Shair,* deputy assistant state's attorney, with whom were *Eugene Callahan,* state's attorney, and, on the brief, *Steven Weiss,* assistant state's attorney, for the appellee (state).

DUPONT, C. J. The defendant appeals from the judgment of conviction rendered after a jury trial. The charges against the defendant arose out of six burglaries committed in Stamford between late January and early March, 1986, and are contained in two informations, alleging seventeen separate crimes. The first information is based on the following six incidents: (1) burglary in the third degree in violation of General Statutes § 53a-103 and larceny in the sixth degree in violation of General Statutes § 53a-125b for a break-in at Jesus' Grocery Store on January 28, 1986; (2) burglary in the third degree in violation of General Statutes § 53a-103 and larceny in the fifth degree in violation of General Statutes § 53a-125a for a break-in at Stone's Variety Store on February 8, 1986; (3) burglary in the third degree in violation of General Statutes § 53a-103 and larceny in the sixth degree in violation of General Statutes § 53a-125b for breaking into Quino's Place, a neighborhood pool hall, and taking money from the coinboxes on February 13, 1986; (4) burglary in the third degree in violation of General Statutes § 53a-103 for breaking into Moraves', another neighborhood pool hall, also on February 13, 1986; (5) burglary in the third degree and larceny in the third degree in violation of General Statutes §§ 53a-103 and 53a-124, for an incident at the J.D. Deli on February 25, 1986; and (6) burglary in the third degree in violation of General Statutes § 53a-103, larceny in the third degree in vio-

lation of General Statutes § 53a-124, stealing a firearm in violation of General Statutes § 53a-212, and altering or removing an identification mark in violation of General Statutes § 29-36. Those latter charges arose out of a break-in at Moss' Gun and Tackle Shop on March 1, 1986, in which twelve weapons were taken.

Four other charges arose out of this last incident and are the subject of the second information. The defendant was apprehended in a motor vehicle on March 3, 1986, while in possession of one of the twelve stolen weapons. He was charged with stealing a firearm in violation of General Statutes § 53a-212, having a weapon in a motor vehicle in violation of General Statutes § 29-38, altering or removing an identification mark in violation of General Statutes § 29-36, and criminal possession of a pistol in violation of General Statutes § 53a-217.[1]

The state moved to consolidate the informations because the crimes were similar and the two informations were connected. The court, *Bingham, J.*, granted the state's motion, and, subsequently, the defendant was tried before a jury of six. The defendant moved for acquittal on the two counts of altering an identification mark on a weapon in violation of General Stat-

---

[1] For the first time on appeal the state contends that the trial court imposed an illegal sentence for criminal possession of a firearm because the defendant was sentenced to one year imprisonment when the minimum sentence provided by General Statutes § 53a-217 (b) is two years. It therefore argues that the case should be remanded to the trial court for resentencing. The state did not file a cross appeal or a preliminary statement of issues raising this question and, ordinarily, we would not consider it. Practice Book §§ 4005 and 4013. We will review the state's claim, however, because the sentence given was clearly illegal; see *Riggs* v. *Zaleski*, 44 Conn. 120, 121 (1876); and because the case must be remanded for other reasons. See footnotes 2 and 3, infra; *Sanderson* v. *Steve Snyder Enterprises, Inc.*, 196 Conn. 134, 143, 491 A.2d 389 (1985). Upon such review, it is apparent that the sentence violated General Statutes § 53a-217 (b) and, upon remand, the trial court is directed to resentence the defendant on that count.

utes § 29-36, and on one count of burglary in violation of General Statutes § 53a-103. The state did not object to the motion and the court, *McGrath, J.,* granted the defendant's motion. The jury returned a verdict of guilty on the remaining fourteen counts, and the court sentenced the defendant to a total prison term of twenty-nine years and six months.

The defendant claims that the trial court erred (1) in failing to comply with the requirements of General Statutes § 54-84 (b) by not properly instructing the jury on the defendant's failure to testify, (2) in failing to instruct the jury adequately concerning the testimony of an accomplice, (3) in failing to admonish the jury properly to consider the evidence relating to each charge separately, (4) in failing to admonish the jury properly concerning the limited use of a prior criminal conviction of the defendant, (5) in allowing the jury to convict the defendant on all of the firearm counts without sufficient evidence of the operability of the firearms, (6) in finding sufficient evidence that the defendant did not have permission to enter Jesus' Grocery Store, (7) in joining the two separate informations, (8) in applying inflexible sentencing guidelines and exercising inappropriate discretion in sentencing the defendant, (9) in convicting the defendant on two separate counts of stealing the same weapon, in violation of the prohibition against double jeopardy,[2] and (10) in sentencing the defendant to one year for the class B misdemeanor of larceny in the fifth degree, six months

---

[2] The state conceded the rectitude of the defendant's claim of double jeopardy and requested this court to vacate the judgment of conviction on the second count of stealing a firearm in violation of § 53a-212 and remand the matter to the trial court with direction to resentence the defendant on the remaining count of stealing a firearm in violation of § 53a-212. We agree with the state that the convictions violated the prohibition against double jeopardy; *State* v. *Williams,* 12 Conn. App. 225, 230–34, 530 A.2d 627 (1987); and therefore will grant the relief requested.

greater than that allowed by General Statutes § 53a-36.[3] We find error in part.

The jury could reasonably have found certain relevant facts. During the winter of 1986, the defendant and his accomplice, Larry Briscoe, engaged in a series of burglaries in the Stamford area. All burglaries took place in the early morning hours, and involved small family businesses. All of the burglarized stores had steel gates with padlocks to secure their entrances, and a set of bolt cutters were used for the illegal entries. The burglaries spanned a period of a little over one month. The stolen items consisted primarily of cash, usually coins, cigarettes, lottery tickets and liquor, and most of the break-ins involved vandalism. The pair's final break-in before their arrest was of Moss' Gun and Tackle Shop. Briscoe testified that a few days earlier he had gone into the gun shop to purchase a firing pin for his weapon, and noticed that the shop could be easily burglarized. On March 1, 1986, the defendant and Briscoe used bolt cutters to open the steel gate that blocked the entrance to the store above, as well as to the gun shop. They took twelve guns valued at over $4000. That evening, the defendant stopped at the home of a friend, and sold him two of the guns he had just taken.

On March 3, 1986, the defendant asked another friend for a ride home. En route, they were stopped by police who had a warrant for the defendant's arrest.

---

[3] The state concedes that the defendant was illegally sentenced for his conviction on the fourth count of the first information of larceny in the fifth degree for the unlawful taking of goods from Stone's Variety Store on February 8, 1986. The trial court sentenced the defendant to one year for this misdemeanor. Larceny in the fifth degree is a class B misdemeanor. General Statutes § 53a-125a. Sentences for class B misdemeanors shall be fixed at terms not to exceed six months. The sentence imposed for this count therefore exceeds the statutory maximum, and the matter must be remanded with direction to the trial court to resentence the defendant within the limits of the statute on that count. *State* v. *Vincent,* 194 Conn. 198, 209, 479 A.2d 237 (1984).

The defendant had one of the stolen guns in his possession tucked under the front seat and out of sight.

In his first claim of error, the defendant alleges that the trial court erred in failing to instruct the jury properly pursuant to General Statutes § 54-84 (b). That statute provides in relevant part: "Unless the accused requests otherwise, the court shall instruct the jury that they may draw no unfavorable inferences from the accused's failure to testify." The defendant neither requested a charge on the statute, nor did he take an exception to the trial court's alleged failure to give it.

Our analysis of the defendant's claim "necessarily involves three stages of inquiry. ' "[1] Is the defendant entitled to raise this claim when he did not raise it at trial? [2] If this claim is properly here, was the instruction given by the trial court erroneous? [3] If the instruction was in error, was the error harmless?" ' *State* v. *Cobb,* 199 Conn. 322, 324, 507 A.2d 457 (1986), quoting *State* v. *Sinclair,* 197 Conn. 574, 582, 500 A.2d 539 (1985)." *State* v. *Thurman,* 10 Conn. App. 302, 305, 523 A.2d 891, cert. denied, 204 Conn. 805, 528 A.2d 1152 (1987).

The defendant's challenge to the trial court's failure to include the statutorily mandated instruction is twofold. First, he claims that such failure resulted in a due process violation implicating the fairness of his trial. In addition, he alleges that the omission of the instruction violated his rights under General Statutes § 54-84 (b). The state maintains that the defendant's claims are unreviewable because of his failure to submit a request to charge or to except to the charge as given. We conclude that the defendant's constitutional claim is reviewable under *State* v. *Evans,* 165 Conn. 61, 70–71, 327 A.2d 576 (1973), and that his statutory claim is reviewable under the plain error doctrine. *State* v. *Thurman,* supra, 309.

The defendant's constitutional claim is reviewable under the familiar *Evans* bypass because it implicates a fundamental constitutional right and the claim is supported by the record. *State* v. *Thurman,* supra, 306–308; see also *State* v. *Thompson,* 17 Conn. App. 490, 493–94, 554 A.2d 297 (1989). Although the defendant's claim is reviewable, we conclude that because the defendant made no request for the "no unfavorable inference" instruction, no fundamental constitutional right was abridged. We so conclude because the federal and state constitutions require the instruction only when the defendant has properly requested it. *State* v. *Thurman,* supra, 308.

Despite the state's argument to the contrary, the defendant's claim is also reviewable and properly before this court under the plain error doctrine. See id., 308–10, and cases cited therein; see also *State* v. *Thompson,* supra, 494. "The provisions of § 54-84 (b) are more stringent than the federal or state constitutions require. *State* v. *Sinclair,* supra, 585. 'While the constitutional right to a "no adverse inference" charge depends upon the defendant's request of such a charge, the statutory right is conferred upon the defendant unconditionally, in the absence of his request that the charge not be given.' Id. Our legislature has prescribed the language provided in § 54-84 (b) to be the jury instruction that *must* be given to reduce speculation to a minimum. *State* v. *Cobb,* supra, 324. For this reason, our Supreme Court has 'regularly characterized as error any but the most minor departure from the language that § 54-84 (b) requires.' " (Emphasis in original.) *State* v. *Thurman,* supra, 309.

The trial court instructed the jury: "Now, the fact that [the defendant] has not testified in this case has *no significance whatsoever* so far as your determination of the case is concerned and you may not consider that fact in any way in your deliberations. The burden

is upon the prosecution throughout the case to prove [the defendant] guilty beyond a reasonable doubt and no burden rests upon [the defendant] to prove his innocence." (Emphasis added.) It was error for the trial court not to include the express language of the statute in its charge to the jury. *State* v. *Cobb,* supra, 324–25; see also *State* v. *Holloway,* 209 Conn. 636, 651, 553 A.2d 166 (1989).

We must now determine whether the error was harmless. Cases that have utilized a harmless error analysis are those in which a "no unfavorable inference" instruction was given, but which did not follow the exact wording of the statute. *State* v. *Thurman,* supra, 310 and n.6. In those cases, minor deviations from the precise language provided in the statute that did not change the substantive meaning of the statute were held to be harmless error. Id.

The court stated that "no significance whatsoever" could be ascribed to the defendant's failure to testify and that the jury "may not consider that fact in any way in your deliberations." We must determine whether that charge conveyed the substantive meaning of the statute and whether there was a reasonable possibility that the jury was misled by it.

In *State* v. *Cobb,* supra, the Supreme Court held that the trial court's charge to the jury, that it could draw "no inference" from the defendant's failure to testify, was harmless error in that there was no reasonable possibility that the jury was misled and that the charge was sufficient to convey the substantive meaning of § 54-84 (b). See also *State* v. *Thompson,* supra, 495.

In *State* v. *Cobb,* supra, the court stated that a "no inference" charge would preclude a jury from drawing an unfavorable inference because " '[a]n instruction prohibiting any inference would also preclude an unfavorable inference.' *State* v. *Marra,* 195

Conn. 421, 443, 489 A.2d 350 (1985) . . . . '' (Citation omitted). It follows, then, that the essence of our inquiry turns upon whether the court's instruction in this case sufficiently precluded the jury from drawing an *unfavorable* inference from the defendant's failure to testify. The court's charge that the jury could attach "no significance whatsoever" to the defendant's failure to testify sufficiently admonished the jury against engaging in the prohibited inference because "significance," by definition, means something that has "the quality of being important." Webster, Third New International Dictionary. If a certain fact has been characterized as having no importance whatsoever, then it necessarily follows that no other fact of importance may be inferred from that fact's particular existence. Under the language of this instruction, we conclude that the court's charge was sufficient to convey the substantive meaning of General Statutes § 54-84 (b).

We further conclude that there was no reasonable possibility that the jury was misled by the court's charge. The meaning of the term "significance" is commonly understood, and the court emphasized that the jury could not consider "[the defendant's failure to testify] in any way in your deliberations."

The error of the trial court in not following the prescribed statutory language was, therefore, harmless in the context of this case.

The defendant next claims that the trial court failed to instruct the jury adequately concerning the danger and harm of convicting the defendant solely on the uncorroborated testimony of a self-confessed accomplice. Although the defendant did not request an instruction on the subject or object or except to the charge as given, he claims review under the plain error doctrine. Practice Book § 4185.

Practice Book § 4185 provides that this court "may in the interests of justice notice plain error not brought to the attention of the trial court." We are not convinced that the record before us reflects any such injustice. "Such review is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." *State* v. *Hinckley,* 198 Conn. 77, 87–88, 502 A.2d 388 (1985).

The court here instructed the jury to consider the fact that the defendant had an accomplice. Although the testimony of an accomplice may require heightened scrutiny, there is no rule of law that such testimony requires corroboration before there may be a conviction, as the defendant claims. See *State* v. *Shindell,* 195 Conn. 128, 141–43, 486 A.2d 637 (1985). The defendant has not established that his claim meets the standard for review under the plain error doctrine.

The defendant next claims that the trial court failed to admonish the jury properly concerning a prior criminal conviction of the defendant and to consider the evidence relating to each charge separately. Again, although the defendant concedes that he failed to request a charge or except to the charge as given, he claims that this court may review these claims under *State* v. *Evans,* supra. The defendant has essentially reiterated the same claims in his assertion that the trial court erred in granting the state's motion for joinder of the two informations. We will address those claims in relation to that issue, infra.

The defendant's next set of claims relates to the sufficiency of the evidence. The defendant first claims that all of the "firearm" counts must be dismissed because the state failed to prove that the firearms in question were capable of discharging a shot.

The two informations charged the defendant with four separate crimes involving a weapon. Two charges involved

stealing or withholding a firearm, a violation of General Statutes § 53a-212, one charge was for having a weapon in a motor vehicle in violation of General Statutes § 29-38, and the final charge was criminal possession of a pistol in violation of General Statutes § 53a-217.

The defendant principally relies upon General Statutes § 53a-3 (18) and (19) to support his claim. Section 53a-3 (18) provides that " 'pistol' or 'revolver' means any *firearm* having a barrel less than twelve inches." (Emphasis added.) Section 53a-3 (19) provides: " 'Firearm' means any sawed-off shotgun, machine gun, rifle, shotgun, pistol, revolver or other weapon, whether loaded or unloaded *from which a shot may be discharged.*" (Emphasis added.) While these definitions are clearly applicable to General Statutes §§ 53a-212 and 53a-217, the Supreme Court recently held that they do not apply to General Statutes § 29-38, which was enacted twenty years prior to the penal code. *State* v. *Delossantos,* 211 Conn. 258, 273–76, 559 A.2d 164 (1989).

" 'The issue of sufficiency of evidence and its appropriate standard of review have been analyzed countless times by both this court and our Supreme Court.' *State* v. *Iovieno,* 14 Conn. App. 710, 712–13, 543 A.2d 766 (1988). ' "The issue is whether the jury could have reasonably concluded, upon the facts established and the reasonable inferences drawn therefrom, that the cumulative effect of the evidence was sufficient to justify the verdict of guilty beyond a reasonable doubt." *State* v. *Bember,* 183 Conn. 394, 397, 439 A.2d 387 (1981).' " *State* v. *Ruth,* 16 Conn. App. 148, 153, 547 A.2d 548 (1988), cert. denied, 209 Conn. 827, 552 A.2d 434 (1989).

Operability of the firearms was an essential element of the crimes charged under General Statutes §§ 53a-212 and 53a-217. Whether a firearm is one from which a shot may be discharged can be inferred from all of the facts and need not be established beyond a reasonable doubt by direct evidence but may be established by circumstantial

evidence. *State* v. *Manley,* 195 Conn. 567, 573 n.8, 489 A.2d 1024 (1985).

There was ample evidence from which the jury could infer that operability was proven beyond a reasonable doubt. *State* v. *Pina,* 185 Conn. 473, 477, 440 A.2d 962 (1981). Briscoe testified that one of the weapons had been fired by him at a cemetery. The mother of a purchaser of two of the guns testified that her son asked her to buy bullets for the guns and, when she refused, that the guns remained in the household, unused, until they were seized by the police. Furthermore, the weapons were entered as full exhibits and made available to the jurors for examination. We hold, therefore, that there was sufficient evidence for the jury to find beyond a reasonable doubt that the weapons were operable.

In his next claim, the defendant contends that there was insufficient evidence demonstrating that the defendant entered or remained at Jesus' Grocery Store without permission. In connection with this incident, the defendant was charged with burglary in the third degree, in violation of General Statutes § 53a-103, and larceny in the sixth degree in violation of General Statutes § 53a-125b.

The defendant supports his contention that there was insufficient evidence demonstrating that he entered Jesus' Grocery Store without permission by the fact that the store owner did not specifically testify that the defendant did not have permission to enter the store. The defendant's claim ignores the substantial evidence from which the jury could infer that the owner did not give the defendant permission to enter the store.

At trial, the owner of Jesus' Grocery Store testified that he had left the store locked and barred with a steel gate the night before the burglary. The padlocks that secured the steel gate had been cut and the gate had been raised. Money had been taken from the cash register, and money that had been concealed in the freezer

was missing. Debris had been strewn around the floor. " ' "It is within the province of the jury to draw reasonable and logical inferences from the facts proven." ' " *State* v. *Ruth,* supra, 154. The jury could reasonably have found, from the evidence presented at trial, that the defendant did not have permission to enter the store.

The defendant's next claim relates to the trial court's granting of the state's motion for joinder pursuant to Practice Book § 829. Specifically, the defendant contends that it was error to join the charges in the two informations because one crime, criminal possession of a pistol,[4] required proof of a prior felony. He claims that the jurors' knowledge of the prior felony tainted their consideration of the other counts, and that such evidence would have been inadmissible and highly prejudicial in the case against the defendant with regard to the burglary and larceny charges. We disagree.

"The judicial authority may . . . order that two or more indictments or informations or both, whether against the same defendant or different defendants, be tried together." Practice Book § 829; see General Statutes § 54-57. "If it appears that a defendant is prejudiced by a joinder of offenses, the judicial authority may . . . order separate trials . . . . " Practice Book § 828. " 'This does not mean that severance is to be had for the asking.' " *State* v. *Banta,* 15 Conn. App. 161, 167, 544 A.2d 1226 (1988).

---

[4] General Statutes (Rev. to 1985) § 53a-217 (a) provides: "A person is guilty of criminal possession of a pistol or revolver when he possesses a pistol or revolver and has been convicted of a capital felony, a class A felony, a class B felony, except a conviction under section 53a-86, 53a-122 or 53a-196a, a class C felony, except a conviction under section 53a-87, 53a-152, 53a-153 or 53a-196b, or a felony under sections 53a-60 to 53a-60c, inclusive, 53a-72a, 53a-72b, 53a-95, 53a-103, 53a-103a, 53a-114, 53a-136 or 53a-216. For the purposes of this section, 'convicted' means having a judgment of conviction entered by a court of competent jurisdiction." See also footnote 1, supra.

" 'The question of severance lies within the discretion of the trial court. We will not disturb the trial court's conclusion on the issue absent a clear abuse of discretion. The discretion to sever a trial should be exercised only if a joint trial will substantially prejudice the defendant. Substantial prejudice is more than disadvantage and the formidable task of demonstrating an abuse of discretion and that a joint trial resulted in substantial prejudice falls to the defendant. . . . Simply put, the test to be applied is whether substantial injustice will result if the charges are tried together.' . . . State v. Edwards, 10 Conn. App. 503, 506–507, 524 A.2d 648, cert. denied, 204 Conn. 808, 528 A.2d 1155 (1987)." (Citations omitted.) State v. Banta, supra.

"Substantial prejudice does not necessarily result from a denial of severance even where evidence of one offense would not have been admissible at a separate trial involving the second offense. A trial court will not have manifestly abused its discretion in denying severance if the state's orderly presentation of evidence has prevented confusion of the jury and has enabled the jury to consider the evidence relevant to each charge separately and distinctly." State v. Pollitt, 205 Conn. 61, 68, 530 A.2d 155 (1987).

In State v. Banta, we adopted factors derived from those federal decisions that have considered the issue of whether a trial court should have ordered a separate trial when the analogous federal crime of being a felon in possession of a firearm; see 18 U.S.C. app. § 1202; 18 U.S.C. § 922 (g); is joined with some other substantial offense. These factors are: (1) "the manner in which the evidence entered the case and the extent of the jury's knowledge of the facts underlying the prior felony conviction"; (2) "the adequacy of any cautionary instructions given by the court"; (3) "the use of the prior felony evidence by the prosecution in argument to the jury"; (4) "the likelihood that the prior

felony conviction evidence will inflame the passions of the jurors in light of the nature of the offenses charged"; and (5) "the strength of the evidence against the defendant." *State* v. *Banta,* supra, 170–71.

The record in this case leads us to conclude that any prejudicial effect on the defendant by the joinder of the two informations was minimal. The defendant's conviction was presented to the jury, by a stipulation of the parties, through the presentment of a copy of the defendant's conviction for robbery in the first degree. The court ruled that the prior felony could not be put into evidence until the end of the trial in order to avoid possible confusion. The defendant did not object to the introduction of the evidence of conviction or request a limiting instruction. The state did not use the defendant's prior conviction for dramatic or inflammatory effect and the case was such that the jury is unlikely to have been swayed by passions.

Furthermore, our review of the transcript reveals that the state's evidence was straightforward in nature, was not complex and was presented in an orderly manner. We do not agree that the possibility for jury confusion existed. See *State* v. *Cruz,* 18 Conn. App. 482, 487, 559 A.2d 231 (1989). Finally, the evidence against the defendant was neither sparse nor unconvincing. We conclude that the trial court gave adequate consideration to the potential for prejudice caused by the joinder of the two informations, and that the defendant has failed to meet his heavy burden of demonstrating that substantial prejudice resulted from the joinder.

The defendant's last claim is that the trial court abused its discretion in sentencing the defendant because it used inflexible sentencing guidelines. The court stated that it did not believe in concurrent sentences, and, with one exception, it gave the defendant consecutive sentences for the crimes for which he was

convicted. All of the sentences that were given were legal with the exception of the three crimes for which illegal sentences were given. See footnotes 1 through 3, supra. The defendant is basically complaining about the length of the total effective sentence, namely twenty-nine and one-half years, particularly because the state had sought a sentence of eighteen years. The essence of the defendant's argument is that the sentences were inappropriate in view of the nature of the offenses, the character of the offender, the protection of the public interest, and the deterrent and denunciatory purposes for which sentences are intended. These are arguments that should have been made to the sentence review division of the Superior Court. See General Statutes §§ 51-195 and 51-196; *State* v. *Johnson,* 192 Conn. 471, 474, 472 A.2d 1267 (1984). Generally, when a sentence is imposed within statutory limits, it is not subject to appellate review. *State* v. *McNellis,* 15 Conn. App. 416, 445, 546 A.2d 292, cert. denied, 209 Conn. 809, 548 A.2d 441 (1988). Moreover, the totality of the remarks made at the sentencing hearing by the trial court do not lead us to the conclusion that the sentences were imposed in an illegal manner.

There is error in part, the judgment as to the second count of stealing a firearm in violation of General Statutes § 53a-212 is set aside, and the case is remanded to the trial court for resentencing on the remaining count of stealing a firearm in violation of General Statutes § 53a-212, and for resentencing on the fourth count of the first information of larceny in the fifth degree, and for resentencing on the fourth count of the second information of criminal possession of a firearm.

In this opinion the other judges concurred.