[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
BY THE DIVISION
Petitioner was tried by jury on two informations, consolidated for trial and convicted of five counts of burglary in the third degree in violation of C.G.S. 53a-103; two counts of larceny in the sixth degree in violation of C.G.S. 53a-125b; one count of larceny in the fifth degree in violation of C.G.S. CT Page 72953a-125a; two counts of larceny in the third degree in violation of C.G.S. 53a-103; two counts of stealing a firearm in violation of C.G.S. 53a-212; one count of having a weapon in a motor vehicle in violation of C.G.S. 29-38 and one count of criminal possession of a pistol in violation of C.G.S. 53a-217. A total sentence of twenty-nine years and six months was imposed.
On appeal, the conviction on one count of stealing a fire arm in violation of C.G.S. 53a-212 was set aside and the sentence was otherwise modified. See State v. Carpenter,19 Conn. App. 48. After the appeal and action by the United States District Court for the District of Connecticut, petitioner remained convicted of and sentenced as follows: burglary in the third degree three years; larceny in the sixth degree three months, burglary in the third degree two years; larceny in the fifth degree six months; burglary in the third degree three years; larceny in the sixth degree three months; burglary in the third degree three years; larceny in the third degree two years; burglary in the third degree five years; larceny in the third degree five years; stealing a fire arm two years; having a weapon in a motor vehicle one year; and criminal possession of a pistol two years. All sentences were to be consecutive except for the last two which were to be consecutive but concurrent with each other. The total effective sentence before the division is twenty-eight years to be served.
Evidence at trial indicates that petitioner and an accomplice engaged in a series of burglaries in the Stamford area. All burglaries took place in the early morning hours, and involved small family businesses. The burglaries spanned a period of a little over one month. The stolen items consisted primarily of cash, mostly coins, cigarettes, lottery tickets and liquor. Most of the break-ins involved vandalism. The final break-in was at a gun and tackle shop. Twelve guns valued at $4,000 were taken. Petitioner had one of the stolen pistols in his possession in a motor vehicle when he was arrested. See State v. Carpenter, supra at 53.
Counsel for the petitioner claimed that the sentence imposed was unduly harsh. He stated that the accomplice, who pleaded guilty and testified against petitioner, received a five year sentence with execution suspended after time served. The attorney also pointed out that no violence was involved in these crimes and that the break-ins were made during the early morning hours when the establishments were empty. He also pointed out that the value of the goods taken was not large.
The state's attorney pointed out the seriousness of the offenses in that fire arms were stolen for use in future crimes. CT Page 730
At the time of sentencing, the trial judge was faced with imposing a just sentence on a young man with a criminal record which included a conviction for robbery in the first degree and who had just been convicted of a series of burglaries and larcenies. One of these crimes involved the taking and carrying of fire arms. The judge indicated that he was aware of the sentence imposed on the accomplice but that he was not fully aware of the reasoning behind that sentence. He stated that a longer sentence would be appropriate for petitioner. Considering petitioner's criminal background, the seriousness of the charges on which he had been convicted, it cannot be found that the sentencing judge was incorrect in reaching this conclusion.
Although a longer sentence was appropriate, when the sentence imposed is compared with sentences imposed for the same type of crimes in similar cases, it is found to be disproportionately high. It is concluded that a sentence of twenty-eight years with execution suspended after eighteen years and probation for five years would be adequate to protect the public and provide the deterrent and denunciatory purpose for which the sentence was intended.
Accordingly, the matter is remanded for resentencing by suspending the execution of the consecutive five year sentences imposed for burglary in the third degree and larceny in the third degree and placing petitioner under the supervision of the Office of Adult Probation for a period of five years so that the total effective sentence is twenty-eight years execution suspended after eighteen years, probation for five years.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision.