STATE OF CONNECTICUT *v.* RODNEY J. SUPLICKI
(12053)

DUPONT, C. J., O'CONNELL and HEIMAN, Js.

Argued September 21—decision released November 30, 1993

*Kevin A. Randolph,* deputy assistant public defender, for the appellant (defendant).

*Leah Hawley,* assistant state's attorney, with whom, on the brief, were *John T. Redway,* state's attorney, and *Barbara Hoffman,* assistant state's attorney, for the appellee (state).

DUPONT, C. J. The defendant appeals from the judgment following his conviction by a jury of assault in the third degree in violation of General Statutes § 53a-61 (a) (1). His sole claim is that, contrary to the mandate of General Statutes § 54-84 (b), the trial court failed to instruct the jury that no adverse inference could be drawn against him because of his failure to testify at trial. We agree that the omission of that instruction was improper, reverse the defendant's conviction and remand the case for a new trial.

The jury reasonably could have found certain relevant facts. On April 1, 1992, at approximately 9 p.m., two Clinton police officers were dispatched to the Holiday Motel in Clinton, where Vagshi Keshwala, the motel manager, complained that he had been assaulted by the defendant. Keshwala told the officers that he had gone to collect rent from the defendant, a tenant of the motel, when the defendant pulled Keshwala into his room and punched him in the face. Both officers reported that Keshwala's eyeglasses were broken and his face was swollen and discolored. He did not request medical attention, however. When confronted by the two officers, the defendant denied striking Keshwala.

In addition to describing the events of April 1, 1992, Keshwala testified that he suffered from a preexisting medical condition that caused pain and discomfort in his face, but he did not mention swelling and discoloration as symptoms. The defendant did not testify.

The defendant claims on appeal that the trial court erroneously failed to give a "no adverse inference" instruction to the jury in accordance with the requirements of General Statutes § 54-84 (b), and that as a consequence he should be awarded a new trial. Section 54-84 (b) mandates: "Unless the accused requests otherwise, the court shall instruct the jury that they may draw no unfavorable inferences from the accused's failure to testify." It is undisputed that no such language was included in the court's charge to the jury, and that it was improper for the court not to give that instruction. *State* v. *Sinclair,* 197 Conn. 574, 583–84, 500 A.2d 539 (1985). It is also undisputed that the defendant made no objection to the omission of the "no adverse inference" instruction at trial. He attempts to raise this issue for the first time on appeal under either the "plain error" doctrine or the four-pronged test for constitutional error enunciated in *State* v. *Golding,* 213 Conn. 233, 239–40, 567 A.2d 823 (1989).

In *State* v. *Thurman*, 10 Conn. App. 302, 523 A.2d 891, cert. denied, 204 Conn. 805, 528 A.2d 1152 (1987), we were faced with a defendant who, like the defendant in this case, did not testify at trial and neither requested a "no adverse inference" instruction pursuant to General Statutes § 54-84 (b) nor objected to the court's failure to provide one. The defendant in *Thurman* claimed on appeal that such failure constituted a violation of his rights to due process and against self-incrimination under the fifth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution, and a violation of his rights under § 54-84 (b). We found his constitutional claim to be reviewable under *State* v. *Evans*, 165 Conn. 61, 70–71, 327 A.2d 576 (1973),[1] and his statutory claim to be reviewable under the plain error doctrine. *State* v. *Thurman*, supra, 306; see *State* v. *Townsend*, 206 Conn. 621, 625, 539 A.2d 114 (1988); *State* v. *Sinclair*, supra, 582; *State* v. *Tatem*, 194 Conn. 594, 595–96, 483 A.2d 1087 (1984); *State* v. *Burke*, 182 Conn. 330, 331, 438 A.2d 93 (1980); see also *State* v. *Carpenter*, 19 Conn. App. 48, 562 A.2d 35, cert. denied, 213 Conn. 804, 567 A.2d 834 (1989).

It is clear from existing case law that the defendant's request for plain error review must be granted. *State* v. *Carpenter*, supra, 55; *State* v. *Thurman*, supra, 308–10. "[N]oncompliance with § 54-84 (b) is plain error . . . . We have regularly characterized as error any but the most minor departure from the language that § 54-84 (b) requires." *State* v. *Sinclair*, supra, 582–83. Cases holding the failure to instruct the jury properly under § 54-84 (b) to be plain error include *State* v. *Townsend*, supra; *State* v. *Cobb*, 199 Conn. 322, 324,

---

[1] *State* v. *Evans*, 165 Conn. 61, 327 A.2d 576 (1973), was the precursor to *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989). *State* v. *Thurman*, 10 Conn. App. 302, 523 A.2d 891 (1987), was decided prior to the release of the *Golding* decision.

507 A.2d 457 (1986); *State* v. *Sinclair,* supra, 582; *State* v. *Tatem,* supra, 595; *State* v. *Carpenter,* supra; *State* v. *Thompson,* 17 Conn. App. 490, 493–94, 554 A.2d 297 (1989); and *State* v. *Thurman,* supra, 309. We hold that the trial court's failure to give the statutorily required instruction was plain error in this case as well.

We next consider the state's argument that the failure of the trial court to instruct the jury properly should be considered harmless error in light of what the state claims to be overwhelming evidence against the defendant. A harmless error analysis has been undertaken in cases in which a "no adverse inference" instruction that deviated from the language of the statute was given. See *State* v. *Townsend,* supra; *State* v. *Cobb,* supra; *State* v. *Tatem,* supra; *State* v. *Carrione,* 188 Conn. 681, 453 A.2d 1137 (1982); *State* v. *Thompson,* supra; *State* v. *Carpenter,* supra.

In cases where the trial court totally omitted the "no adverse inference" instruction, however, the propriety of a harmless error analysis has been questioned, although the issue has not been expressly decided. "It would be entirely reasonable to conclude that the principle of harmless error may be inconsistent with the unconditional language of the statute that the legislature has enacted for the protection of the right not to testify." *State* v. *Sinclair,* supra, 585; see also *State* v. *Cohane,* 193 Conn. 474, 484, 479 A.2d 763, cert. denied, 496 U.S. 990, 105 S. Ct. 397, 83 L. Ed. 2d 331 (1984).[2]

---

[2] The United States Supreme Court has yet to pass on the question of whether, after a request by a defendant, a trial judge's refusal to give a "no adverse influence" instruction in violation of *Carter* v. *Kentucky,* 450 U.S. 288, 305, 101 S. Ct. 1112, 67 L. Ed. 2d 241 (1981), can ever be harmless error. *James* v. *Kentucky,* 466 U.S. 341, 351–52, 104 S. Ct. 1830, 80 L. Ed. 2d 346 (1984); see also *Chapman* v. *California,* 386 U.S. 18, 87 S.

In *State* v. *Thurman,* supra, 310–13, this court observed that *State* v. *Burke,* 182 Conn. 330, 438 A.2d 93 (1980), and *State* v. *Carter,* 182 Conn. 580, 438 A.2d 778 (1980), had determined that the complete omission of a "no adverse inference" instruction was reversible error without consideration of a harmless error analysis. We then noted that *State* v. *Sinclair,* supra, 585–86, considered the applicability of harmless error analysis in such a case, but expressly left the question of its propriety open. We also declined to rule on that question, determining that even if a harmless error analysis were undertaken, the state had not proven beyond a reasonable doubt that the trial court's non-compliance with § 54-84 (b) was harmless. *State* v. *Thurman,* supra, 313–16.

We now rule on the question and hold that the total omission of the "no adverse inference" instruction is plain error that is not subject to a harmless error analysis. The unconditional language of the statute is a legislative mandate and the failure to use that language is a pivotal aspect of the defendant's privilege against self-incrimination. The statutory language is based on a constitutional right, and its omission can never be harmless. See *Arizona* v. *Fulminante,*     U.S.     , 111 S. Ct. 1246, 113 L. Ed. 2d 302 (1991); *Rose* v. *Clark,* 478 U.S. 570, 577, 106 S. Ct. 3101, 92 L. Ed. 2d 460

---

Ct. 824, 17 L. Ed. 2d 705 (1967) (some constitutional violations are subject to harmless error analysis). In *Hunter* v. *Clark,* 934 F.2d 856, 860 (7th Cir.), cert. denied,     U.S.     , 112 S. Ct. 388, 116 L. Ed. 2d 338 (1991), the Seventh Circuit decided in a six to five decision that in light of overwhelming evidence against the defendant, the refusal of the state trial judge to provide a requested "no adverse influence" instruction was harmless error. See also *Finney* v. *Rothgerber,* 751 F.2d 858, 863 (6th Cir.), cert. denied, 471 U.S. 1020, 105 S. Ct. 2048, 85 L. Ed. 2d 310 (1985); *Richardson* v. *Lucas,* 741 F.2d 753, 755 (5th Cir. 1984); *United States* v. *Eiland,* 741 F.2d 738, 743 (5th Cir. 1984). These cases, however, do not deal with whether the omission in a jury charge of a statutorily mandated "no adverse inference" instruction is subject to a harmless error analysis.

(1986); *State* v. *Hamilton,* 30 Conn. App. 68, 76–78, 618 A.2d 1372, cert. granted on other grounds, 225 Conn. 910, 621 A.2d 290 (1993); *State* v. *Payne,* 12 Conn. App. 408, 414–15, 530 A.2d 1110 (1987).

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.